704 F.2d 1060
 JOHNSON OYSTER COMPANY, INCORPORATED, a California
corporation, et al., Plaintiffs-Appellants,
v.
MALCOLM BALDRIDGE, Secretary of Commerce, et al., Defendants-Appellees,
and
The State of California, et al., Real Parties in Interest-Appellees.
 No. 82-4413.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 14, 1983.
Decided April 22, 1983.
 
 Appeal from the United States District Court for the Northern District of California.
 F. Robert Studdert, San Rafael, Cal., for plaintiffs-appellants.
 C. Joanne Whitt, San Francisco, Cal., for defendants-appellees.
 Before WRIGHT, CANBY and BOOCHEVER, Circuit Judges.
 EUGENE A. WRIGHT, Circuit Judge:
 
 
 1
 Appellant oyster producers suffered serious losses because of an outbreak of paralytic shellfish poisoning (PSP). They filed suit challenging the Secretary's denial of the State of California's application for federal aid to restore the fisheries. They appeal from a dismissal for failure to state a claim upon which relief could be granted.
 
 
 2
 At issue here are the propriety of judicial review, the availability of mandamus relief, and the appellants' standing to sue. Our conclusions make it unnecessary to reach the standing issue.
 
 FACTS
 
 3
 A 1980 outbreak of PSP rendered shellfish in northern California coastal waters toxic to humans. Some areas were closed to commercial harvest and the public was warned not to consume shellfish from those oyster beds.
 
 
 4
 The market for oysters became depressed and oyster producers suffered severe losses. The producers then lacked capital to buy and plant seed oysters. Oyster seed must be planted regularly in California waters.
 
 
 5
 The state's Department of Fish and Game applied to the Department of Commerce for relief for oyster producers, pursuant to the Commercial Fisheries Research and Development Act of 1964 (the Act) 16 U.S.C. Secs. 779-779f. The Secretary decided that the losses were caused primarily by the depressed market and not by destruction of the resource. He concluded that agency regulations prohibited compensation for any loss.
 
 
 6
 In their action, appellants alleged that the agency action violated the Act and regulations, and was arbitrary, capricious, and an abuse of discretion. They sought declaratory and mandamus relief. The state was named as a real party in interest, but did not participate in the action.
 
 ANALYSIS
 
 7
 Judicial review of administrative action is governed by the Administrative Procedure Act (APA), 5 U.S.C. Secs. 701-706, which precludes judicial review of action that is "committed to agency discretion by law." 5 U.S.C. Sec. 701(a)(2). The Secretary contends that this precludes review here.
 
 
 8
 Courts have construed narrowly this exception to reviewability. It applies only if a statute is " 'drawn in such broad terms that in a given case there is no law to apply.' " Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 410, 91 S.Ct. 814, 820, 28 L.Ed.2d 136 (1971) (quoting S.Rep. No. 752, 79th Cong., 1st Sess., 26 (1945)). A court will not undertake review of agency action unless it can discern a standard against which to measure it. City of Santa Clara v. Andrus, 572 F.2d 660, 666 (9th Cir.), cert. denied, 439 U.S. 859, 99 S.Ct. 177, 58 L.Ed.2d 167 (1978).
 
 
 9
 Congress gave the Secretary of Commerce broad authority to disburse funds allocated under section 4(b) of the Commercial Fisheries Act "as [he or she] may determine appropriate for the purposes of this chapter." 16 U.S.C. Sec. 779b(b). The Act's purpose is to authorize federal aid for state projects "designed for the research and development of the commercial fisheries resources of the Nation." 16 U.S.C. Sec. 779a(a).
 
 
 10
 Congress imposed only one further limitation upon the Secretary's authority to allocate funds:
 
 
 11
 [T]he Secretary shall give a preference to those States in which he determines there is a commercial fishery failure or serious disruption affecting future production due to a resource disaster arising from natural or undetermined causes ....
 
 
 12
 16 U.S.C. Sec. 779b(b).
 
 
 13
 The preference requirement has not been violated. No allocation has been made because no funds have been appropriated under the Act since 1974. See 126 Cong.Rec. S5745-46 (daily ed. May 22, 1980) (excerpt of S.Rep. No. 96-722: Background and Needs). Moreover, the preference is irrelevant until a commercial fishery failure is recognized.
 
 
 14
 Appellants contend that the Secretary improperly refused to determine that a commercial fishery failure has occurred. The Act, however, does not limit the Secretary's discretion in making that determination. Its broad mandate to disburse funds in furtherance of the Act's purposes does not constitute "law to apply" for judicial review. See City of Santa Clara, 572 F.2d at 667-68; East Oakland-Fruitvale Planning Council v. Rumsfeld, 471 F.2d 524, 532-33 (9th Cir.1972).
 
 
 15
 Appellants contend also that the Secretary's action violated an applicable Department regulation which provides:
 
 
 16
 The words "commercial fishery failure [due] to a resource disaster arising from natural or undetermined causes" mean a serious disruption of a commercial fisheries resource affecting present or future productivity. It does not include inability to sell raw fish or ... compensation for economic loss suffered ... as the result of a resource disaster.
 
 
 17
 50 C.F.R. Sec. 253.2(e) (1981).
 
 
 18
 "[A] federal court has jurisdiction to review agency action for abuse of discretion when the alleged abuse of discretion involves violation by the agency of constitutional, statutory, regulatory or other legal mandates or restrictions ...." Ness Investment Corp. v. United States Department of Agriculture, 512 F.2d 706, 715 (9th Cir.1975); see also East Oakland Fruitvale Planning Council, 471 F.2d at 534. Regulation 253.2(e) provides a definition of "commercial fishery failure" which limits agency discretion in determining under what conditions such a failure occurs. Therefore, appellants' allegation that the Secretary violated this regulation states an issue which is proper for judicial review. See Ness Investment Corp., 512 F.2d at 716.
 
 
 19
 Although appellants contend that the Secretary violated the regulation, they have not shown that its procedures or criteria were ignored. In essence, their complaint is that the Secretary's conclusion that these facts did not constitute a commercial fishery failure was improper.
 
 
 20
 But in making that decision, the Secretary "has not violated the law; rather [he] has employed [his] expertise and judgment in a way that the law has contemplated." Ness Investment Corp., 512 F.2d at 717. The Secretary's actions are an insufficient basis upon which to predicate a cause of action. We conclude that the district court did not err in dismissing appellants' suit for failure to state a claim.
 
 
 21
 Appellants seek to invoke mandamus jurisdiction to compel a reversal of the Secretary's determination. Because we conclude that the appellants had no right to such relief, mandamus is not available. Nova Stylings, Inc. v. Ladd, 695 F.2d 1179, 1180 (9th Cir.1983); Piledrivers' Local Union No. 2375 v. Smith, 695 F.2d 390, 392 (9th Cir.1982).
 
 
 22
 The judgment is AFFIRMED.