UNIVERSITY OF CHICAGO HOSPI-
TALS AND CLINICS, Plaintiff,

v.

Margaret M. HECKLER, Secretary,
Health and Human Services,
Defendant.

No. 84 C 4643.

United States District Court,
N.D. Illinois, E.D.

Jan. 7, 1985.

Jane A. McAtee, University of Chicago
Hospitals & Clinics, Chicago, Ill., Mitchell
H. Kaplan, Choate, Hall & Stewart, Boston,
Mass., for plaintiff.

James J. Kubik, Asst. U.S. Atty., Chica-
go, Ill., for defendant.

DECISION

McMILLEN, District Judge.

Defendant has filed a motion to dismiss
the complaint in this case for lack of sub-
ject matter jurisdiction or failure to state a
claim upon which relief can be granted.
The complaint seeks to review and reverse
a decision of the defendant as Secretary of
H.H.S. in which she affirmed a final deci-
sion of the Provider Reimbursement Re-
view Board to refuse jurisdiction over
plaintiff's appeal of its Medicare reimburse-

ment for fiscal year 1980. The Board refused to take jurisdiction because the plaintiff's request for a hearing had not been filed within the 180 day limit established in 42 U.S.C. § 1395oo (a)(3). This decision was appealed to the deputy administrator, Health Care Financing Administration, who on April 3, 1984, affirmed the Board's refusal to exercise jurisdiction over plaintiff's appeal. There being no further administrative procedure available to plaintiff, it filed this lawsuit on June 1, 1984.

Plaintiff participates in the Medicare program pursuant to a provider agreement which it executed with the defendant. It then becomes entitled to reimbursement of a portion of its in-patient hospital service expenses on an interim basis during the fiscal year. After the close of the fiscal year, the fiscal intermediary, such as the Blue Cross Association, issues a "Notice of Program Reimbursement" which entitles the provider to the difference between its interim payments and what the provider determines to be its total reimbursable costs.

In order to contest the amount awarded by the Notice of Program Reimbursement, the provider may request a hearing by the Review Board within 180 days of the date when the notice was mailed. Plaintiff alleges that the notice was mailed to it on September 30, 1981, yet it did not file its request for hearing until May 5, 1982. Thus the request was 37 days beyond the 180 day time limit. Plaintiff alleges that the same type of late filing is under review for fiscal years 1979 and 1981 as well as for fiscal 1980, the year involved in this complaint.

The Board has adopted a regulation which provides that it may extend the 180 day time limit "for good cause shown." 42 C.F.R. § 405.1841(b). The Board's Hearing Manual also provides at § 1100.122 that "good cause" means the provider must show specific circumstances explaining and justifying the failure to file timely. When plaintiff applied for an extension, the Board notified it by letter dated February 9, 1984 that plaintiff did not demonstrate good cause for its late filing and that no review would be granted. Therefore the Board declined to waive the time limit or hear the appeal. This was affirmed by defendant's administrator on April 3, 1984, as mentioned above, and this lawsuit was filed pursuant to 42 U.S.C. § 1395oo (f)(1).

Section 1395oo (f)(1) provides in pertinent part as follows:

> Providers shall have the right to obtain judicial review of any final decision of the Board, or of any reversal, affirmance, or modification by the Secretary, by a civil action commenced within 60 days of the date on which notice of any final decision by the Board or of any reversal, affirmance, or modification by the Secretary is received.

> * * * * * *

> Such action ... shall be tried pursuant to the applicable provisions under chapter 7 of Title 5 [the Administrative Procedure Act].

The foregoing statute gives providers a right to judicial review of any "final decision" of the Board or of the Secretary if a civil action is filed within 60 days of the decision. It is doubtful that plaintiff had a right to an administrative review of the Board's decision of February 9, 1984 which denied plaintiff's request for a hearing, because that was a discretionary act for which an appeal is not provided.

However, the Board adopted regulation 405.1841(b) (supra, p. 2) providing for a waiver of the 180 day limitation. That regulation simply allows the Board to exercise its discretion to extend the time limit "for good cause shown," and the Board decided that plaintiff had not shown good cause in this case. Defendant's deputy administrator reviewed the Board's decision and ruled that the determination not to accept the plaintiff's request for review was "supported by substantial evidence." His decision was apparently intended to mean that the Board did not abuse its discretion in denying the request, in that the request was not supported by substantial evidence. It is doubtful that the ad-

ministrator had jurisdiction to review the Board's exercise of discretion, because the Board's decision of February 9, 1984 was a final one, at most subject to *judicial* review within 60 days pursuant to 42 U.S.C. § 1395*oo* (f)(1).

 Whether plaintiff sought judicial review of either the Board's or the administrator's decision, however, § 701(a)(2) of the Administrative Procedure Act excludes judicial review of actions "committed to agency discretion by law." Cf. *Califano v. Sanders*, 430 U.S. 99, 105–06, 97 S.Ct. 980, 984–85, 51 L.Ed.2d 192 (1977). On the other hand, if this suit was properly filed, we are of the opinion that our jurisdiction at most is to determine whether the administrator's decision was an abuse of discretion, and we find it was not. This brings us to a review of the "good cause" which plaintiff attempted to show in order to obtain a waiver of the 180 day limitation by the Board. We are reluctant to enter into such a review, because we are then in a position of reviewing the Board's exercise of discretion, which in our opinion is not reviewable by this court under the Administrative Procedure Act. The Board's exercise of discretion is not reviewable under any other statute, because the statute of limitations is without exceptions. If the Board's decision is reviewable, however, it can only be on the basis of abuse of discretion. We find no abuse of discretion and find it difficult to imagine what would constitute abuse of discretion other than an adamant rejection of the provisions of the Board's own Regulation 405.1841(b) (supra p. 3).

Nevertheless, plaintiff has attached two letters to its complaint, setting forth the reasons why it believed its late request for review should be granted. These letters are dated August 25, 1983 and January 27, 1984. Plaintiff summarizes its reasons on p. 4 of its memorandum filed September 13, 1984 as "staff vacancies and high level personnel changes" in the years 1981–82.

The Board considered these two letters and turned down the request for an appeal of the fiscal intermediary's report. The defendant then affirmed the decision through her deputy whose decision of April 3, 1984 stated in part:

The Deputy Administrator notes that the 1980 NPR [Notice of Program Reimbursement] was issued on September 30, 1981. The Provider had 180 days to file a request for a hearing. The issues which the Provider wanted to appeal are the same issues as those in the Provider's 1979 appeal. The Deputy Administrator thinks that it was reasonable for the Board to find no justifiable excuse for late filing, especially where a Provider had 180 days to file a request substantially similar to a previous request already filed. The Provider cannot say that its failure to file timely was due to fraud, accident, surprise, or other extraordinary circumstances beyond its control. Personnel turnover and financial crises are not so unusual in hospital management so as to excuse late filing, especially where the Provider has nearly a half of a year to do so. Accordingly, the decision of the Provider Reimbursement Review Board denying jurisdiction in this case is affirmed.

Thus, plaintiff's complaint has shown no abuse of discretion, either by the Board or by the deputy of the defendant Secretary. We see nothing to be accomplished by affording plaintiff the "rigorous review by the Court" which its memorandum seeks to obtain. The facts alleged in the complaint are assumed to be true on this motion to dismiss, but they demonstrate no right to a review and no facts upon which a review would result in the relief prayed for in the complaint.

Furthermore, defendant's position is in accordance with the law, to the extent it has been developed in this field. In *Jaymar-Ruby, Inc. v. FTC*, 651 F.2d 506 (7th Cir.1981), the court held that decisions committed to agency discretion are not reviewable pursuant to the Administrative Procedure Act unless specifically provided by statute and that no such statute existed in that case, differentiating it from *Citizens To Preserve Overton Park, Inc. v. Volpe,*

401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971); see also *Ness Investment Corp. v. United States Department of Agriculture,* 512 F.2d 706, 714 (9th Cir.1975) where judicial review of agency discretion is limited to violation of "constitutional, statutory, regulatory, or other legal mandates or restrictions," at p. 715.

Our case is also quite similar to *Califano v. Sanders, supra,* p. 587. In that case, the defendant's regulation provided for a delayed review but the statute did not, and the Court said at 430 U.S. p. 108, 97 S.Ct. p. 986:

> Indeed, the opportunity to reopen final decisions and any hearing convened to determine the propriety of such action are afforded by the Secretary's regulations and not by the Social Security Act. Moreover, an interpretation that would allow a claimant judicial review simply by filing—and being denied—a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in § 205(g), to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits.

■ Since plaintiff does not allege that defendant violated any statute but merely complains that she abused her discretion and therefore that her decision should be reviewed and reversed, we find and conclude that the complaint should be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, as prayed by defendant.

SO ORDERED.