Kenneth and Theodora WEATHERWAX; and on Behalf of Minor Child, Austin CARLSON, Plaintiffs,

v.

Michael FAIRBANKS, individually and as BIA Superintendent; Richard Whitesell, individually and as BIA Area Director; United States Department of Interior; Blackfeet Tribe; Melvin Rutherford; Orville Goss; Katherine Sloss, individually and as Blackfeet Appeals Court Judges; Louise Burke, individually and as Blackfeet Trial Court Judge; Glen Little Bird, individually and as BIA Police Supervisor; Mike Connelly, individually and an BIA Police Officer; and John Doe, BIA Police Agent, Defendants.

No. CV–85–159–GF.

United States District Court,
D. Montana,
Great Falls Division.

July 10, 1985.

Vance Gillette, Browning, Mont., for plaintiffs.

Philip E. Roy, Gen. Counsel, Blackfeet Legal Dept., Browning, Mont., for defendants.

## MEMORANDUM AND ORDER

HATFIELD, District Judge.

The plaintiffs bring this action in an effort to challenge a judgment of the Tribal Court of the Blackfeet Indian Reservation which determined certain visitation rights in a child custody case. Invoking jurisdiction under the Indian Civil Rights Act, 25 U.S.C. §§ 1301 *et seq.*, in conjunction with 28 U.S.C. § 1331, the plaintiffs request this court to grant them relief from the judgment of the Tribal Court by way of habeas corpus relief under authority of 25 U.S.C. § 1303.[1]

In an obviously confoundable manner, the plaintiffs also request the court to enjoin the Department of the Interior and its agents, acting through the Bureau of Indian Affairs, from enforcing the Tribal Court judgment at issue.

HABEAS CORPUS

25 U.S.C. § 1303 authorizes any person "detained" by order of an Indian Tribe to test the validity of that detention in the federal courts by way of a writ of habeas corpus. The plaintiffs *sub judice* challenge the validity of a judgment of the Blackfeet Tribal Court granting visitation rights with their minor son to an aunt of that son. Having preliminarily considered the plaintiffs' petition, the court finds that the plaintiffs are not entitled to habeas corpus relief.

 The plaintiffs are simply challenging the propriety and wisdom of an Indian tribal court decision in a child custody action. This court concludes, however, that

1. The plaintiffs name the Blackfeet Tribe and four judges of the Blackfeet Tribal Court system as respondents with respect to the request for habeas corpus relief under 25 U.S.C. § 1303.

federal habeas corpus relief under 25 U.S.C. § 1303 is not available to test the validity of a child custody decree of an Indian tribal court. A child custody ruling is not sufficient to trigger federal habeas corpus relief since the custody involved is not the kind which has traditionally prompted federal courts to assert their jurisdiction. *See, Doe v. Doe,* 660 F.2d 101 (4th Cir.1981); *Sylvander v. New England Home for Little Wanderers,* 584 F.2d 1103 (1st Cir.1978); *Donnelly v. Donnelly,* 515 F.2d 129 (1st Cir.1975), *cert. denied,* 423 U.S. 998, 96 S.Ct. 429, 46 L.Ed.2d 373 (1975).[2] Consequently, the court finds it appropriate to dismiss the plaintiffs' petition for habeas corpus relief, since it plainly appears from the face of the petition that they are not entitled to the relief requested.

## MANDAMUS

■ As best as the court can ascertain from the complaint, the plaintiffs' request for relief in the nature of mandamus seeks to compel the Secretary of the Interior ("Secretary"), pursuant to 28 U.S.C. § 1361, to exercise the discretion vested in the Secretary, under § 109 of the Indian Self Determination Act (the "ISDA"), 25 U.S.C. § 450m, to rescind any contract or grant existing between the Secretary and the Blackfeet Tribe under authority of § 104 of the ISDA, 25 U.S.C. 450h(a).[3] The plaintiffs' request is designed to compel the Secretary to terminate any funding or assistance provided the Blackfeet Tribal Court, pursuant to 25 U.S.C. § 450h(a), until such time as the Blackfeet Tribal Court vacates or amends its judgment with respect to the custody of plaintiffs' minor child.[4]

The gist of the plaintiffs' request for mandamus relief is based on the plaintiffs' belief that the Secretary should act to remedy, what the plaintiffs perceive to be, a violation of their right to due process of law as secured to them by the Indian Civil Rights Act, 25 U.S.C. §§ 1301 *et seq.* Having met with an adverse decision at both the trial and appellate levels of the Blackfeet Tribal Court with respect to the custody of their minor child, the plaintiffs seek to compel the Secretary to exercise the discretion vested in the Secretary to termi-

2. This court has consistently found the law which has developed with respect to actions for habeas corpus relief under 28 U.S.C. § 2254 to be applicable by analogy to actions founded upon 25 U.S.C. § 1303.

3. 25 U.S.C. § 450m vests the Secretary with the discretion to rescind contracts or grants extant between any Indian tribe and the Secretary pursuant to § 450h(a) if, after a hearing, the Secretary finds the program is mismanaged, or the tribal organization's performance under the contract or grant agreement involves the violation of rights or endangerment of the health, safety, or welfare of any persons.

4. Federal district courts have jurisdiction to review administrative action of the Secretary with respect to Indian matters under 28 U.S.C. § 1361. *See, Coomes v. Adkinson,* 414 F.Supp. 975 (D.S.D.1976). Jurisdiction to review actions of the Secretary also lies under 28 U.S.C. § 1331 in conjunction with the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701 *et seq. Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Kennerly v. United States,* 534 F.Supp. 269 (D.Mont.1982), *rev'd. on other grounds,* 721 F.2d 1252 (9th Cir.1983). Although the plaintiffs invoke the jurisdiction of

this court under both of the foregoing jurisdictional grants, the court finds it necessary to address only the former in detail.

The APA provides that judicial review of agency action may be precluded where the agency action is committed by law to agency discretion. 5 U.S.C. § 701(a)(2) (1976); *see also, McCartin v. Norton,* 674 F.2d 1317 (9th Cir. 1982). The agency action, or perhaps inaction, challenged by the plaintiffs at bar is a matter clearly committed to the discretion of the Secretary. Although this fact alone does not prevent judicial review to determine whether that discretion has been abused or exceeded by a decision that is arbitrary or capricious, *id.* at 1320, the exception to reviewability contained in 5 U.S.C. § 702(a)(2) applies where a statute is "drawn in such broad terms that in a given situation there is no law to apply." *Citizen to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 410, 91 S.Ct. 814, 820, 28 L.Ed.2d 136 (1971); *Johnson Oyster Co., Inc. v. Baldridge,* 704 F.2d 1060, 1062 (9th Cir.1983). This court finds the discretion vested in the Secretary by 25 U.S.C. § 450m to be drawn in such "broad terms" as to preclude judicial review, under 5 U.S.C. § 701(a)(2), of the Secretary's exercise of that discretion.

nate any federal monetary assistance which the Tribal Court is receiving pursuant to the ISDA. The complaint asserts that the Secretary, although notified of the alleged violation of the plaintiffs' civil rights occasioned by the judicial proceedings at issue, failed to take affirmative action in an effort to remedy the situation.

■ 25 U.S.C. § 450m provides a mechanism whereby the Secretary, in an effort to remedy, *inter alia,* violations of civil rights by any tribal organization, may withdraw federal funding and assistance provided the offending organization under the provisions of the ISDA. Section 271.75, Chapter 1 of Title 25, Code of Federal Regulations, establishes the procedure whereby the Secretary may rescind a contract or grant agreement under the ISDA. Review of the text of 25 U.S.C. § 450m, however, reveals that Congress did not specifically or impliedly[5] grant a private cause of action to any person aggrieved by actions of a tribal organization. Rather, the determination whether to rescind a contract or grant agreement is a matter committed to the discretion of the Secretary. The plaintiffs' attempt to direct the manner in which the Secretary is to exercise the discretion granted the Secretary, under 25 U.S.C. § 450m, by invoking relief in the nature of mandamus under 28 U.S.C. § 1361 is entirely improper. Consequently, the court finds it appropriate to dismiss the plaintiffs' claim for relief under 28 U.S.C. § 1361 for want of subject matter jurisdiction.

■ 28 U.S.C. § 1361 confers original jurisdiction on federal district courts over actions "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Section 1361, however, did not enlarge the generally recognized scope of mandamus relief but, in conjunction with 28 U.S.C. § 1391(e), was intended only to ease the burden of proceeding against officers and employees of the federal government, formerly suable only in the District of Columbia. *Jarrett v. Resor,* 426 F.2d 213, 216 (9th Cir.1970). Section 1361 makes mandamus available to enforce ministerial duties, *Workman v. Mitchell,* 502 F.2d 1201 (9th Cir.1974), and to require the exercise of discretion, *Commonwealth of Penn. v. National Assoc. of Flood Insurers,* 520 F.2d 11 (3rd Cir.1975). Mandamus relief under Section 1361, however, is not available to direct the manner in which the discretion vested in a particular government agent will be exercised, *Jarrett v. Resor, supra; see also, Kennecott Copper Corp. v. Costle,* 572 F.2d 1349 (9th Cir.1978), or to correct an abuse of discretion. *Jarrett v. Resor, supra; contra, Haneke v. Sec. Health, Educ, & Welfare,* 535 F.2d 1291 (D.C.Cir. 1976); *Chaudoin v. Atkinson,* 494 F.2d 1323 (3rd Cir.1974).

The complaint in this action does not allege that the Secretary has failed to fulfill a plainly prescribed ministerial duty. Rather, the complaint, at best, alleges that the Secretary has failed to exercise the discretion vested in him by 25 U.S.C. § 450m in a manner which will serve to effectuate the plaintiffs' desire to obtain relief from the Tribal Court judgment in controversy. Accordingly, the court concludes that the complaint, neither on its face, nor in substance, properly invokes the jurisdiction of this court under Section 1361.

For the reasons set forth herein,

IT IS ORDERED that the present complaint be, and the same hereby is, DISMISSED in its entirety.

---

**5.** *See, Touche Ross & Co. v. Redington,* 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979).