**WESTERN MEDICAL ENTERPRISES, INC., Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 84–2614.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 15, 1985.

Decided March 3, 1986.

---

■■■■■■■■■■■■■■■■

Jay N. Hartz, Weissburg & Aronson, Inc., Los Angeles, Cal., for plaintiff-appellant.

Donald G. Kosin, Jr., Atty., Washington, D.C., for defendant-appellee.

■■■■■■■■■■■■■■■■

Before SNEED, KENNEDY and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

This appeal involves a decision of the Medicare system's Provider Reimbursement Review Board (Board) that there was no good cause shown by Western Medical Enterprises (Western) for an extension of the 180-day period to appeal a final reimbursement determination. Western sought judicial review of that decision but the district court found it had no jurisdiction to review the Board's decision and dismissed the action. The court also held that, even if it had jurisdiction, it would uphold the Board's findings. We find that the Board's decision is reviewable and we affirm the district court on the ground that the Board did not abuse its discretion.

## I. FACTS

Western operates either directly or through wholly owned subsidiaries thirty-nine health care facilities that provide Medicare services. Title XVIII of the Social Security Act establishes a Medicare program which provides health insurance benefits to eligible aged and disabled persons. 42 U.S.C. § 1395 (1982). Western is a "provider" of Medicare services entitled to certain payments under the act. Providers are reimbursed by the government, usually through insurance companies that act as "fiscal intermediaries" under contract with the Secretary. 42 U.S.C. § 1395h. Mutual of Omaha Insurance Company served as the fiscal intermediary for Western. The intermediaries determine the final amount of payment due from Medicare for the fiscal year, and make that payment, based on "cost reports" that the provider is required by statute to submit. 42 U.S.C. §§ 1395f, 1395h. *See also* 42 C.F.R. § 405.406 (1982).

A final determination of a provider's reimbursable costs occurs after the intermediary has reviewed and audited the cost report. The intermediary then issues a final decision, called a "notice of program reimbursement" (NPR), on the costs claimed in the cost report, setting forth the Medicare reimbursement to which the provider is entitled for the fiscal year. 42 C.F.R. § 405.1803 (1983).

If a provider is dissatisfied with the final reimbursement determination, and the amount in controversy is $10,000 or more, the provider may, within 180 days of receipt of the NPR, request a hearing before the Provider Reimbursement Review Board, 42 U.S.C. § 1395oo(a).[1] *See* 42

---

1. Section 1395oo(a) provides:

 (a) Establishment

 Any provider of services which has filed a required cost report within the time specified in regulations may obtain a hearing with respect to such cost report by a Provider Reimbursement Review Board (hereinafter referred to as the "Board") which shall be established by the Secretary in accordance with subsection (h) of this section and (except as provided in subsection (g)(2) of this section) any hospital which receives payments in amounts computed under subsection (b) or (d) of section 1395ww of this title and which has submitted such reports within such time as the Secretary may require in order to make payment under such section may obtain a hearing with respect to such payment by the Board, if—

 (1) such provider—

 (A)(i) is dissatisfied with a final determination of the organization serving as its fiscal intermediary pursuant to section 1395h of this title as to the amount of total program reimbursement due the provider for the items and services furnished to individuals for which payment may be made under this subchapter for the period covered by such report, ...

 (2) the amount in controversy is $10,000 or more, and

U.S.C. §§ 1395oo(f), (h). While there is no exception to this 180 day filing deadline provided in the statute, under the Board's regulations, the Board "may" extend this time limit "for good cause shown." 42 C.F.R. § 405.1841(b) (1983).

Western was dissatisfied with the final reimbursement determinations it received from Mutual of Omaha for the 1979 cost reporting year. The NPR's were received on January 25, 1982; the 180 day statutory time limit expired on July 24, 1982. On September 22, 1982, 240 days after the NPR was issued, Western asked the Board to exercise its discretion under 42 C.F.R. § 405.1841(b) to extend the time limit for filing an appeal. In support of this request, Western cited "two reasons why the providers failed to request a Board hearing within 180 days." First, Western had experienced "major changes in ... personnel," which "resulted in a failure to adequately monitor the status of the notices of program reimbursement." Second, Western alleged a "belief that Medicare reimbursement disputes were 'on hold' pending investigations of the Office of Program Integrity and the Inspector General."

On March 31, 1983, the Board sent a letter to Western stating that it had "considered the submission concerning the reason for late filing and concluded that it did not demonstrate good cause." On April 29, 1983, Western asked the Board to reconsider its March 31 determination. On January 3, 1984, the Board advised Western that it "decline[d] to reconsider its prior decision because there [was] no additional substantive information presented."

Western then sought judicial review of the Board's decision not to hear Western's appeal. The district court granted the Secretary's Motion to Dismiss, but also held that the record showed that the Board had not abused its discretion in denying West-

ern's request for an extension. Western timely appealed.

## II. THE SECRETARY'S POWER TO PROMULGATE A REGULATION EXTENDING TIME TO APPEAL

As a preliminary matter, we must consider whether the Secretary had power to promulgate the regulation involved here. Although neither the Secretary nor Western raised this issue, and, indeed, no litigants would ever have reason to raise it, we must consider whether the Secretary exceeded her statutory authorization by promulgating a regulation extending the time allowed for appeal under a statute which may be jurisdictional in nature.

As a general rule, we cannot consider on appeal from an agency decision an issue not raised before the agency. *See, e.g., United States v. L.A. Tucker Truck Lines,* 344 U.S. 33, 37, 73 S.Ct. 67, 69, 97 L.Ed. 54 (1952); *Reid v. Engen,* 765 F.2d 1457, 1460 (9th Cir.1985). But that general rule has exceptions. "We may decide an issue not raised in an agency action if the agency lacked either the power or the jurisdiction to decide it." *Reid,* 765 F.2d at 1461; *see Tucker,* 344 U.S. at 38, 73 S.Ct. at 69–70; *Motor & Equipment Manufacturers Association v. EPA,* 627 F.2d 1095, 1114–15 (D.C.Cir.1979), *cert. denied,* 446 U.S. 952, 100 S.Ct. 2917, 64 L.Ed.2d 808 (1980). The question whether section 1395oo is a jurisdictional statute that cannot be extended by administrative regulations goes to the power and jurisdiction of the Board's action.

We conclude that the regulation, 42 C.F.R. § 405.1841(b), does not violate the statutory mandate because section 1395oo is not a narrow jurisdictional statute. Neither the language nor the history of the statute indicates that Congress intended to create a jurisdictional bar to extension of the time limit by the Board; rather, the

(3) such provider files a request for a hearing within 180 days after notice of the intermediary's final determination under paragraph (1)(A)(i), or with respect to appeals under paragraph (1)(A)(ii), 180 days after notice of the Secretary's final determina-

tion, or with respect to appeals pursuant to paragraph (1)(B) or (C), within 180 days after notice of such determination would have been received if such determination had been on a timely basis.

provision was intended to assure a right to appeal within the 180 days. The statute states that any provider of services *"may obtain a hearing...."* (emphasis added). *Compare Columbia Manufacturing Corp. v. NLRB,* 715 F.2d 1409, 1410 (9th Cir.1983) (per curiam) (statute found to be jurisdictional and thus time limit was non-waivable because statute involved waiver of sovereign immunity and language provided that a party *"shall,* within thirty days of a final disposition ..., submit to the agency an application") (emphasis added). The legislative history notes only that the time limit must be observed if the Board is to be required to grant a hearing. *See* H.R.Rep. No. 92–231, 92d Cong., 2d Sess., *reprinted in* 1972 U.S.Code Cong. & Ad.News 4989, 5094. Finally, while courts are the final authority on statutory construction, we will give considerable deference to an agency's interpretation of a statute it administers, particularly if the statute is ambiguous. *See Chevron, U.S.A., Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984); *California Hospital Association v. Henning,* 770 F.2d 856, 859 (9th Cir.1985); *Sudomir v. McMahon,* 767 F.2d 1456 (9th Cir.1985). The Secretary's interpretation that section 1395oo allows the Board to extend the time limit for good cause shown is a "permissible construction of the statute." *See Chevron,* 104 S.Ct. at 1782.

## III. JURISDICTION TO REVIEW THE BOARD'S GOOD CAUSE DETERMINATION

 The issue whether the federal courts have jurisdiction to review the Board's determination on "good cause" is a question of law subject to de novo review. *Broudy v. United States,* 722 F.2d 566, 567 (9th Cir.1983). Section 1395oo(f)(1) provides a right to obtain judicial review of "any final decision of the Board."[2] The Secretary does not dispute, and other circuits have held, *see Athens Community Hospital, Inc. v. Schweiker,* 686 F.2d 989, 993–94 (D.C.Cir.1982); *Cleveland Memorial Hospital, Inc. v. Califano,* 594 F.2d 993 (4th Cir.1979), that a decision by the Board that it will not exercise jurisdiction is a "final decision" within the meaning of section 1395oo(f)(1).

Under section 1395oo(f), review of Board decisions is governed exclusively by the applicable provisions of chapter seven of the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706 (1982). Thus the question is whether any provision of the APA prohibits the federal courts from reviewing the Board's determination. The Supreme Court has interpreted the APA to require a presumption of reviewability of agency action. *See Abbott Laboratories v. Gardner,* 387 U.S. 136, 140–41, 87 S.Ct. 1507, 1511, 18 L.Ed.2d 681 (1967). Section 701(a)(2) of the APA does, however, contain an exception for "agency action ... committed to agency discretion by law." 5 U.S.C. § 701(a)(2).

The Supreme Court in *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971), stated that the "committed to agency discretion" provision "is a very narrow exception.... The legislative history of the Administrative Procedure Act indicates that it is applicable in those rare instances where 'statutes are drawn in such broad terms that in a given case there is no law to apply.'" 401 U.S. at 410 (footnote omitted) (citing S.Rep. No. 752, 79th Cong., 1st Sess., 26 (1945)); *see also City of Santa Clara v. Andrus,* 572 F.2d 660, 666 (9th Cir.) (judicial reviewability is the rule), *cert. denied,* 439 U.S. 859, 99 S.Ct. 176, 177, 58 L.Ed.2d 167 (1978). We conclude that the Board's

---

**2.** 42 U.S.C. § 1395ii incorporates into the Medicare Act's provisions for judicial review section 205(h) of the Social Security Act, 42 U.S.C. § 405(h). *See Humana of South Carolina, Inc. v. Califano,* 590 F.2d 1070, 1075 (D.C.Cir.1978); *Pacific Coast Medical,* 633 F.2d at 137. Section 205(h) provides: "No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal or government agency except as herein provided." The Supreme Court interpreted this statute to preclude review outside of the procedures established in the Act, *Weinberger v. Salfi,* 422 U.S. 749, 760–61, 95 S.Ct. 2457, 2464–65, 45 L.Ed.2d 522 (1975). *See also Heckler v. Ringer,* 466 U.S. 602, 104 S.Ct. 2013, 2032, 80 L.Ed.2d 622 (1984).

determination whether to extend the time limit for appeals does not fit within that narrow exception. This precise issue appears to be one of first impression in a circuit court.[3]

While there is no statute requiring the Board to grant a hearing after the expiration of the time limit, 42 C.F.R. § 405.-1841(b) provides:

> (b) Extension of time limit for good cause. A request for a Board hearing filed after the time limit [expires] shall be dismissed by the Board, except that for good cause shown, the time limit may be extended.

No law specifically commits Board action to its discretion. This standard of "good cause" is not so broad that there "is no law to apply," and courts have experience in interpreting the term, good cause. *See, e.g., Strickland v. Merit Systems Protection Board,* 748 F.2d 681 (Fed.Cir.1984) (reviewing under abuse of discretion standard refusal of M.S.P.B. to find good cause under 5 C.F.R. § 1201.113(d), which allows M.S.P.B. to extend time limit for appeal for "good cause shown"); *Sheeran v. Merit Systems Protection Board,* 746 F.2d 806 (Fed.Cir.1984) (same).

While we have jurisdiction to review the Board's decision, our scope of review is narrow. The decision whether good cause has been shown is committed to the Board's discretion. *See* 42 C.F.R. § 405.-1841(b). Only if the Board has abused its discretion by acting arbitrarily and capriciously will we reverse its determination. *See* 5 U.S.C. § 706(2).

## IV. REFUSAL TO FIND GOOD CAUSE

■ We review de novo the question whether the Board's decision was arbitrary, capricious, an abuse of discretion, or not in accordance with law. 5 U.S.C. § 706(2)(A); *Phoenix Baptist Hospital & Medical Center, Inc. v. Heckler,* 767 F.2d 1304, 1307 (9th Cir.1985). We find the Board did not abuse its discretion. It considered Western's request for an extension and concluded that the reasons advanced by Western did not constitute good cause. That determination was reasonable and should be upheld.

The facts are not in dispute. Western missed the 180 day deadline by some sixty days. Its excuses for the two-month delay were personnel changes and a mistaken belief that an ongoing investigation of reimbursements relieved it of the necessity to file a timely appeal. It was not arbitrary for the Board to conclude that the explanations do not demonstrate good cause.

The Board could rationally have concluded that, even with major personnel changes, Western had no good cause for an eight month delay. New employees had several months to become familiar with administrative regulations; personnel changes are not that unusual that they necessarily constitute an excuse for failure to comply with agency requirements.

---

**3.** Several district courts have considered the issue before this panel in cases brought under section 1395oo(f) and the corresponding regulation. Most have accepted the Secretary's argument that courts have no jurisdiction to review the Board's determination that good cause was not shown because that determination was committed to the Board's discretion. *See Levering Hospital & DePaul Community Hospital v. Heckler,* No. 84–0472(S) (E.D.Mo. Mar. 15, 1985); *University of Chicago Hospitals & Clinics v. Heckler,* 605 F.Supp. 585 (N.D.Ill.1985); *see also St. Joseph's Hospital v. Heckler,* No. 84–0385–CV–W–8 (W.D.Mo. Sept. 24, 1984) (finding no "final decision"). As Western notes, however, these cases follow the holding in *Califano v. Sanders,* 430 U.S. 99, 108, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1977), and *Sheehan v. Secretary of Health, Education & Welfare,* 593 F.2d 323, 327 (8th Cir.1979), which deal with a slightly different provision—review of denial of requests for Social Security disability benefits. In the one district court decision that specifically found that jurisdiction existed—*Beth Israel Hospital v. Heckler,* MEDICARE & MEDICAID GUIDE (CCH) ¶ 34,448 (D.Mass. Dec. 19, 1984)—the court did not consider whether the Board's decision was committed to agency discretion. *See also Methodist Hospital v. Schweiker,* MEDICARE & MEDICAID GUIDE (CCH) ¶ 33,541 (W.D.Tenn. Aug. 26, 1983) (court did not consider issue of jurisdiction).

The Board, also, could rationally have concluded that Western's belief that timely appeal was unnecessary because of the ongoing investigations was not reasonable and did not show good cause. The investigations were not concerned with the 1979 cost reporting year, which is at issue in this appeal. There was no allegation that Western received any communication from its intermediary or from the Secretary that indicated that these investigations had any effect on statutory time limits for an appeal to the Board, nor was there any allegation that Western ever inquired as to whether this was so.

■ The Board's determination was not arbitrary, capricious or an abuse of discretion. A general allegation that agency action was arbitrary, capricious or contrary to law adds nothing to a complaint. *Ness Investment Corp. v. United States Department of Agriculture*, 512 F.2d 706 (9th Cir.1975). The record reveals that the Board did consider Western's reasons for its late filing and concluded that they did not constitute good cause. The Board "has employed its expertise and judgment in a way that the law has contemplated." *Id., cited in Johnson Oyster Co. v. Baldridge*, 704 F.2d 1060, 1063 (9th Cir.1983).

### V. CONCLUSION

While we have jurisdiction to review the determination by the Provider Reimbursement Review Board that good cause was not shown by a Medicare provider so as to extend the statutory time limit for filing an appeal, the scope of review is limited. We find no abuse of discretion. The judgment of the district court that the Board did not abuse its discretion is

AFFIRMED.