**ALACARE HOME HEALTH SERVICES, INC., Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, Secretary of United States Department of Health and Human Services, Defendant–Appellee.**

No. 88–7784.

United States Court of Appeals, Eleventh Circuit.

Jan. 9, 1990.

Joe R. Whatley, Jr., Cooper, Mitch, Crawford, Kuykendall & Whatley, Birmingham, Ala., for plaintiff-appellant.

F. Richard Waitsman, Office of Gen. Counsel, Dept. of Health and Human Services, Atlanta, Ga., Frank W. Donaldson, U.S. Atty., Marvin Neil Smith, Jr., Asst. U.S. Atty., Birmingham, Ala., for defendant-appellee.

Before TJOFLAT, Chief Judge, CLARK, Circuit Judge and SMITH *, Senior Circuit Judge.

CLARK, Circuit Judge:

In this case, appellant Alacare is appealing two decisions made by the Secretary of Health and Human Services that concern reimbursement to Alacare, a Medicare provider, of reasonable costs incurred in providing Medicare benefits. The Secretary decided, first, that certain office space costs incurred by Alacare in 1980 and 1981 were excessive and, therefore, would not be reimbursed; and second, that Alacare had failed to show "good cause" for its failure to meet a filing deadline for recon-

---

* Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designa-

tion.

sideration by the Secretary of costs incurred in 1984.

The district court affirmed the Secretary's disposition of the first claim and found that it lacked jurisdiction to review the second claim.[1] This court's jurisdiction to review the district court's order is based on 28 U.S.C. § 1291, but one of the issues to resolve is whether this court has jurisdiction over the good cause claim. Because we agree with the district court that the Secretary's decision to deny reimbursement for Alacare's 1980 and 1981 costs was not arbitrary or capricious, we affirm that portion of the district court's decision. With regard to the Secretary's decision that Alacare failed to show good cause for its failure to meet a filing deadline, we conclude, along with the district court, that the regulation adopted by the Secretary is inconsistent with the authority granted by Congress and cannot stand. Thus, the Secretary was without jurisdiction to review the late filing; since this court may review only final decisions rendered by the Secretary, this court also lacks jurisdiction to consider this issue.

## STATUTORY BACKGROUND

The Medicare Act[2] as part of its health insurance program provides for reimbursement of the reasonable costs for covered health care services rendered to beneficiaries by providers such as Alacare, 42 U.S.C. §§ 1395c and d; these reimbursements are normally paid directly to the providers pursuant to a procedure set out in 42 U.S.C. § 1395g. Providers enter into agreements with the Secretary to provide Medicare recipients with health care services, and to charge those recipients only for the statutorily mandated deductible and co-insurance amounts. For other charges, the provider receives payment solely from the Medicare Trust Fund, 42 U.S.C. § 1395cc(a).

The reimbursement program is administered by a fiscal intermediary who is appointed to act as an agent for the Secretary in reviewing claims and overseeing payments.[3] The intermediary is responsible for reviewing reimbursement claims and for determining the provider's actual reasonable costs according to cost accounting regulations promulgated by the Secretary.[4] Of particular importance to this litigation is the statutory requirement that the regulations "provide for the making of suitable adjustments where, for a provider of services for any fiscal period, the aggregate reimbursement produced by the methods of determining costs proves to be either inadequate or excessive." 42 U.S.C. § 1395x(v)(1)(A).

The intermediary makes payments to providers under a two phased procedure. The first phase consists of interim payments, based upon *estimated* costs, made to providers on a monthly basis; the second consists of subsequent adjustments, based upon *actual* costs, for overpayments and underpayments. 42 U.S.C. § 1395g and 42 C.F.R. §§ 413.60 and 413.64(f). At the close of the fiscal year, the fiscal intermediary makes a final determination of the provider's reimbursable costs; that determination is based on the provider's cost report which contains the provider's actual costs for the fiscal year. 42 C.F.R. §§ 413.60 and 413.20(b). The intermediary must analyze the cost report, conduct an audit if necessary, and furnish the provider with written notice of program reimbursement (NPR) setting forth the total amount of reimbursement due under the program. 42 C.F.R. § 405.1803. Such notice must ex-

---

1. The district court opined that it lacked jurisdiction of the 1984 claim but because our Circuit had not decided the jurisdictional issue, ruled in the alternative that the Secretary's decision was not an abuse of discretion.

2. Social Security Amendments of 1965, Pub.L. No. 89–97, § 102(a).

3. Blue Cross and Blue Shield of Alabama has acted as fiscal intermediary for Alacare since 1982. Prior to that, the Office of Direct Reimbursement, which has since been abolished, acted as fiscal intermediary for Alacare.

4. Reasonable cost is defined as "the cost actually incurred, excluding therefrom any part of incurred cost found to be unnecessary in the efficient delivery of needed health services...." 42 U.S.C. § 1395x(v).

plain how the intermediary reached its conclusions and detail any reasons why the program reimbursement differs from the provider's claim. *Id.*

If the provider is dissatisfied with the intermediary's determination and the amount in controversy is $10,000 or more, the provider may, within 180 days, request a hearing before the Provider Reimbursement Review Board (PRRB). 42 U.S.C. § 1395oo; 42 C.F.R. § 405.1841(a). The PRRB has the power to affirm, modify, or reverse a final determination of the fiscal intermediary. 42 U.S.C. § 1395oo (d). Additionally, the PRRB may, upon a showing of good cause by the provider, grant a waiver of the 180 day filing deadline. 42 C.F.R. § 405.1841(b). Within 60 days after the PRRB renders its decision, the Secretary, acting through the Deputy Administrator of the Health Care Financing Administration, on his own motion, may reverse, affirm, or modify the PRRB's decision. 42 U.S.C. § 1395oo (f)(1); 42 C.F.R. § 405.1875. The district court has jurisdiction to review the final decision of the PRRB or the Deputy Administrator pursuant to the Medicare Act, 42 U.S.C. § 1395oo (f), and the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.*

### FACTS

Alacare Home Health Services, Inc., (Alacare), a provider of health services under the Medicare program, 42 U.S.C. § 1395 *et seq.*, brought this action against the Secretary of Health and Human Services to challenge two decisions of the Secretary. In the first decision, the Deputy Administrator of the Health Care Financing Administration denied Alacare's claim for increased Medicare reimbursement for space occupancy costs for fiscal years 1980 and 1981. Prior to 1980, Alacare occupied space in a building owned by an unrelated party. The cost of such space allowed by Medicare in 1979 was $13,782.00. In April 1980, Alacare moved its headquarters to a building owned by a related organization known as E & T Realty. E & T Realty is owned by the president of Alacare and his children. While Alacare and other related parties rented approximately 21.3% of the building, the majority of the remainder of the building remained unoccupied. As a result of the relocation, Alacare claimed space occupancy costs during 1980 of $41,-796.00 and during 1981, of $47,658.00. Although there was a dramatic increase in space occupancy costs, the number of Alacare's patient visits and full-time equivalent ("FTE") employees remained relatively constant during 1979, 1980, and 1981.

Alacare's operations consist of approximately 4,000 square feet and 20–21 total personnel. This is an average of approximately 200 square feet per FTE. The intermediary determined that, based upon its experience with other home health agencies in Alabama, 4,000 square feet for 20–21 employees is excessive. The intermediary relied on a report issued by the Health Care Financing Administration setting forth recommendations of what it believed was reasonable space allowances for each employee by position description plus administrative space for items such as computers and storage. This test indicated that 3,074 square feet would adequately house Alacare's personnel and operations.

The intermediary also conducted a separate analysis based upon a survey of square foot allowances of other home health agencies. The survey included similar Alabama home health agencies. Square feet per FTE was used as a unit of comparison to eliminate any possible distortions caused by difference in the size of the agencies surveyed as reflected by the number of personnel surveyed. To further avoid distortions, the two providers with the highest and lowest square foot allowance per FTE were excluded from the calculations. The weighted average of the allowable space for the home health agencies in the survey was 116 square feet per FTE. Nevertheless, the intermediary allowed Alacare 150 square feet per FTE, the highest amount claimed and allowed for the providers in the survey. The "going rental rate" for commercial space in Alabama was then determined by interviewing real estate persons knowledgeable in local rental rates.

In the second decision, the Deputy Administrator dismissed Alacare's claim for increased Medicare reimbursement for space occupancy costs and transportation costs incurred during fiscal year 1984 for lack of jurisdiction. The intermediary issued Alacare's fiscal year 1984 Notice of Program Reimbursement, (NPR), on March 27, 1986. 42 U.S.C. § 1395oo (a)(3) and 42 C.F.R. § 405.1841(a) require any notice of appeal to the PRRB to be filed within 180 days of the issuance of the NPR. In this case, Alacare filed its notice 183 days later. 42 C.F.R. § 506.2852(b) allows PRRB to extend the time of filing an appeal "for good cause." In this case PRRB dismissed Alacare's appeal as not timely filed and for lack of jurisdiction. The Deputy Administrator also denied the appeal as untimely and for failure to demonstrate "good cause" for the late filing.

Alacare then filed this action in federal district court against the Secretary to challenge both decisions. On April 4, 1988, the Secretary filed an answer to the complaint. Subsequently both parties filed for Summary Judgment. On December 1, 1988, district court granted the Secretary's motion for Summary Judgment and dismissed the case. Alacare subsequently brought this appeal.

## STANDARD AND SCOPE OF REVIEW

In reviewing the Secretary's decisions, both the district court and this court must abide by those decisions "unless [they are] arbitrary, capricious, an abuse of discretion, not in accordance with law, or unsupported by substantial evidence in the record taken as a whole." *Carraway Methodist Medical Center v. Heckler*, 753 F.2d 1006, 1009 (11th Cir.1985). The Secretary has amassed considerable expertise in the health care area and absent a strong showing by the plaintiff, "this court will not substitute its judgment for that of the agency." *Lloyd Noland Hospital & Clinic v. Heckler*, 762 F.2d 1561, 1565 (11th Cir.1985). It is with this in mind that we consider Alacare's appeal.

## DISCUSSION

A. 1980 and 1981 Occupancy Costs Claim:

Alacare claims that the Secretary acted arbitrarily in denying its actual costs for office space for the years 1980 and 1981. Alacare advances two arguments in support of its contention. First, it claims that the intermediary, misled Alacare by not responding to its written requests concerning its move to new offices. Alacare claims that neither the Office of Direct Reimbursement nor Blue Cross/Blue Shield responded to its letters. The Secretary's Regional Office has established guidelines in which the Intermediary is to work with the provider and respond to written requests concerning costs to prevent the later disallowance of fees. An Intermediary accountant came to Alacare's premises in October of 1980 to conduct an audit on years 1980 and 1981. During the accountant's visit, the new office space was allegedly discussed at length; however, the accountant never indicated that a problem might exist. Following the Office of Direct Reimbursement's disallowance of the office space, Alacare consulted the subsequent intermediary, Blue Cross/Blue Shield, and requested an explanation. Blue Cross sent Alacare the published general guidelines for office space costs. Based on the foregoing events, Alacare claims that the Secretary acted arbitrarily by denying Alacare's claim for occupancy costs after the intermediary had led Alacare to believe its occupancy costs were reasonable.

Second, Alacare claims that the Secretary acted arbitrarily when it accepted the disallowances based on a survey done by Blue Cross, conducted specifically for this case, in which providers with similar services, etc. were compared. Alacare claims that such a post hoc justification is an attempt to promulgate rules on a retroactive basis in violation of *Bowen v. Georgetown Hospital*, — U.S. —, 109 S.Ct. 468, 471–75, 102 L.Ed.2d 493 (1988). Alacare also argues that the survey is invalid because the providers used in the survey are not comparable to Alacare.

Insofar as Alacare is making an estoppel argument, it is wholly without

merit. Although the Intermediaries did not act upon Alacare's request in a timely manner, such inaction can hardly amount to an implicit approval of the office space. All other "inaction," was taken *after* Alacare's move to the new office and the alleged inaction on the part of Blue Cross was taken *after* a disallowance had already been issued. Furthermore, the government cannot be estopped when exercising its sovereign powers or when the relying party has not irreparably lost a right by relying on the government's agent. *See Heckler v. Community Health,* 467 U.S. 51, 61–63, 104 S.Ct. 2218, 2224–25, 81 L.Ed.2d 42 (1984) (no estoppel where provider has not lost any legal right but rather only spent reimbursement money that it was not entitled to in the first place).

■ Alacare's second argument is equally unavailing. As we stated above, this Court's review of administrative decisions is narrow, especially in the area of Medicare. We will reverse the Secretary's decision only if it is out of line with the evidence or the statute and regulations. *Georgia Dep't of Medical Assistance v. Heckler,* 768 F.2d 1293 (11th Cir.1985), *cert. denied,* 474 U.S. 1059, 106 S.Ct. 803, 88 L.Ed.2d 779 (1986); *Carraway Methodist Medical Center v. Heckler,* 753 F.2d 1006, 1009 (11th Cir.1985).

■ The Secretary is not attempting to apply a regulation retroactivity as was prohibited in *Georgetown Hospital,* 109 S.Ct. 468. In this case, the applicable statute, regulations, and manual provisions were all promulgated prior to the costs being incurred. The intermediary simply did not do its audit work and surveys until after the costs were incurred. This is the normal procedure as set up by Congress. After determining that costs are unreasonable with regard to a particular provider, it is not unfair to conduct a survey to justify that determination as long as it is accurately conducted.[5] In fact, such a procedure

was both used and approved in *Bedford v. Heckler,* 766 F.2d 321 (7th Cir.1985), where the intermediary used guidelines previously published to determine that Bedford's costs were unreasonable and *subsequently* conducted a survey in the Bedford area to further justify this determination. *See also Diller v. Schwieker,* 556 F.Supp. 478 (D.D.C.1983) (same research method used as in this case but survey done before Diller's claim initiated). Therefore, the use of such a survey is permissible.

■ The regulations provide that providers will receive actual costs unless their costs are "substantially out of line with other institutions in the same area which are similar in size, scope of services, utilization, and other relevant factors." 42 C.F.R. § 413.9(c)(2). It appears that Alacare's costs were out of line with other providers in the area and therefore disallowance of some of these costs was reasonable. The fact that the full value of the rental costs were subsequently allowed (in 1982 and 1983) is irrelevant. Due to the number of factors involved in the intermediary's evaluation of a provider's costs, each fiscal year must stand on its own. The Deputy Administrator's findings with respect to Alacare's 1980 and 1981 space occupancy costs are supported by the evidence of record and are in accordance with applicable law. Thus, the decision to disallow a portion of those costs was not arbitrary, capricious, or an abuse of discretion. The district court's decision in this regard is affirmed.

B. Jurisdiction of the 1984 Claim and the Good Cause Exception.

The district court properly held that it lacked jurisdiction to review the Secretary's determination that Alacare did not have "good cause" for filing its administrative appeal for 1984 after the expiration of the 180 day deadline. We conclude that

---

**5.** Alacare raises its challenge to the validity of the survey for the first time in this appeal; the government responds correctly by stating that an argument not raised in an administrative hearing cannot be raised on appeal. *See generally United States v. Tucker Truck Lines,* 344 U.S. 33, 35–36, 73 S.Ct. 67, 68, 97 L.Ed. 54 (1952); *Beale v. Blount,* 461 F.2d 1133, 1140 (5th Cir.1972) (appellant could not allege that disciplinary dismissal was due to race where he did not raise this claim at administrative level). In any event, the survey appears facially valid.

the Secretary was without authority to promulgate the good cause exception, that Alacare's late filing deprives the agency of jurisdiction, and that this part of Alacare's claim is due to be dismissed.

■■■ Generally, a court will look to a statute's legislative history, if the statute is ambiguous, or to see whether Congress clearly expressed an intent contrary to the plain language of the statute. *Immigration and Naturalization Service v. Cardoza–Fonseca*, 480 U.S. 421, 432 n. 12, 107 S.Ct. 1207, 1213 n. 12, 94 L.Ed.2d 434 (1987). Additionally, a court will accord great weight to the responsible agency's interpretation of the statute as manifested in the regulations. *Borden v. Meese*, 803 F.2d 1530, 1535–36 (11th Cir.1986) (concluding that the agency's interpretation need not be the best one, or the one the court would choose, but it need only be a "reasonable one"). Mindful of these general rules of statutory construction, we are inclined, however, to follow the Eighth Circuit's approach articulated in *St. Joseph's Hospital v. Heckler*, 786 F.2d 848 (8th Cir. 1986). There the court held that it did not have jurisdiction to review the Secretary's "good cause" decision because the Secretary was not authorized, as evidenced by the express language of the statute and the legislative history, to promulgate the regulation.[6]

■■ The statutory language is clear: "Any provider of services which has filed a required cost report within the time specified in regulations may obtain a hearing with respect to such cost report by a Provider Reimbursement Review Board ... if ... such provider files a request within 180 days after notice of the intermediary's final determination." 42 U.S.C. §§ 1395*oo* (a) and 1395*oo* (a)(3). Whatever doubt which may have existed with respect to the mandatory nature of the 180 day deadline is dispelled by a reading of the legislative history which states:

> Any provider of services which has filed a timely cost report may appeal an ad-

verse final decision of the fiscal intermediary with respect to the period covered by such report to the Board where the amount in controversy is $10,000 or more. The appeal *must* be filed within 180 days after notice of the fiscal intermediary's final determination.

H.R.Rep. No. 231, 92d Cong., 2d Sess., *reprinted in* 1972 U.S.Code Cong. & Ad. News 4989, 5094 (1972) (emphasis added). Notwithstanding our normal deference to the responsible agency's interpretation of a statute, we conclude that the Secretary exceeded the statutory scope of authority and therefore that the regulation allowing for a good cause waiver of the 180 day filing deadline is invalid. The PRRB and the Secretary did not have jurisdiction to review Alacare's late claim. Since this court's jurisdiction to review a final agency decision "necessarily presupposes that the challenged decision is within the agency's congressionally defined jurisdiction, no judicially cognizable final decision reviewable by this court can exist in this case." *St. Joseph's*, 786 F.2d at 852.

The district court's opinion finding that Alacare's claim for the 1981–1982 reimbursements was properly rejected by the agency is AFFIRMED. Also, we affirm the district court's holding that it lacked jurisdiction of the 1984 claim because it was untimely. The alternative holding that the district court made in case it had jurisdiction to the effect that Alacare had failed to show that the agency abused its discretion is due to be vacated.

AFFIRMED in part and REMANDED in part.

---

**6.** As we noted above, although there exists precedent to the contrary, we are convinced by the Eighth Circuit's sound reasoning. *See e.g.,*

*Western Medical v. Heckler,* 783 F.2d 1376 (9th Cir.1986).