966 F.2d 1454
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kelly M. SHELIFOE, Petitioner-Appellant,
v.
Bradley DAKOTA, Chief Tribal Judge of the Keweenaw Bay
Indian Community Tribal Court, Baraga, Michigan,
Respondent-Appellee.
 No. 92-1086.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1992.
 
 Before KEITH and SUHRHEINRICH, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan petitioner appeals the district court's order dismissing her petition for a writ of habeas corpus filed under 25 U.S.C. § 1303. She has filed motions for appointment of counsel, for damages and clarification, and for remand. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Kelly M. Shelifoe challenges the decision of the Keweenaw Bay Indian Community Tribal Court to remove her son from her custody and to place him in foster care. She maintains that the district court has jurisdiction to review her claims under the Indian Civil Rights Act, 25 U.S.C. § 1301 et seq. She further asserts that the tribal court erred by placing her son in foster care.
 
 
 3
 Upon review, we conclude that the district court correctly determined that it lacked jurisdiction to review the petition. See Weatherwax on Behalf of Carlson v. Fairbanks, 619 F.Supp. 294, 295-96 (D.Mont.1985).
 
 
 4
 Shelifoe and her son are enrolled members of the Keweenaw Bay Indian Community. The Indian Child Welfare Act, 25 U.S.C. § 1901 et seq., gives Indian tribes exclusive jurisdiction to determine custody of Indian children. See DeMent v. Oglala Sioux Tribal Court, 874 F.2d 510, 514 (8th Cir.1989).
 
 
 5
 Shelifoe argues that the district court has jurisdiction to review her claims under the Indian Civil Rights Act, 25 U.S.C. § 1302. She alleged that she was denied due process in child custody proceedings. Her argument is unavailing. A writ of habeas corpus under 25 U.S.C. § 1303 does not provide a remedy for an alleged violation of § 1302 in a civil domestic matter. See Santa Clara Pueblo v. Martinez, 436 U.S. 49, 65-66 (1978). Section 1302 does not authorize actions against either the tribe or its officers. Id. Nevertheless, a writ of habeas corpus under 25 U.S.C. § 1303 is not available to test the validity of a child custody decree. See Weatherwax, 619 F.Supp. at 295-96. Although the remedy may be available to challenge the jurisdiction of the tribal court in limited circumstances, see DeMent, 874 F.2d at 513, the district court lacks jurisdiction to review a challenge to the propriety or wisdom of a tribal court's decision. See Weatherwax, 619 F.Supp. at 295-96.
 
 
 6
 Accordingly, all pending motions are denied and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.