Kathleen SHEERAN, Petitioner,

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**Appeal No. 84–1044.**

United States Court of Appeals, Federal Circuit.

Oct. 19, 1984.

Lloyd Somer, New York City, submitted for appellant.

Evangeline W. Swift, Gen. Counsel, Mary L. Jennings, Associate Gen. Counsel for Litigation, and Deborah A. Stover-Springer, Atty., Washington, D.C., submitted for appellee.

Before NIES, NEWMAN and BISSELL, Circuit Judges.

NIES, Circuit Judge.

This is an appeal from the January 31, 1984 final decision of the Merit Systems Protection Board (board), Docket No. NY07528210612, which dismissed as untimely Kathleen Sheeran's petition for appeal of her removal from the Internal Revenue Service. We affirm.

Petitions for appeal to the board must be filed on or before the twentieth day following the effective date of removal. 5 C.F.R. § 1201.22(b) (1984). Petitions filed thereafter will be dismissed as untimely, unless there has been a waiver of the filing deadline. Because waiver of the regula-

ON–COR's filing of its opposition on August 10, 1981.

tory time limit is a matter committed to the board's discretion, this court will not ordinarily substitute its own judgment for that of the board. *Phillips v. United States Postal Service,* 695 F.2d 1389, 1390–91 (Fed.Cir.1982) (affirming dismissal of petition filed six days after 20-day deadline). It is within this discretion for the board to determine whether petitioner has shown "good cause" for failing to meet the 20-day deadline. 5 C.F.R. § 1201.12 (1984).

The excuse offered by Ms. Sheeran's counsel for having failed to file within the 20-day period, which expired on August 19, 1982, was that he had requested a 30-day extension of time by letter dated August 13, 1982. On August 25, 1982, counsel first inquired concerning the granting of his request.

█ It is elementary that a lawyer who relies on the filing of a request for extension of time in lieu of meeting a filing date does so at his/her peril. If such a request is denied after the due date, there is no automatic extension while it is pending. To hold otherwise would allow counsel to manipulate the due date.

Not having heard by August 19, 1982, the only safe course of action for counsel in this case was to file the appeal. The appeal form is purposely designed to be simple so that it can easily be prepared by the employee. Indeed, in this case the petition was eventually filed as handwritten by petitioner herself.

Having failed to act diligently, counsel seeks to advance his own neglect as the reason for a waiver. *After* the deadline, counsel made a number of telephone inquiries concerning the status of his request and eventually filed the petition on November 5, 1982, albeit without petitioner's signature. The petition was eventually perfected on December 23, 1982.

█ Under these circumstances, we have no difficulty in agreeing with the presiding official that petitioner has not shown good cause for waiver. Both petitioner and her counsel knew of the filing deadline sufficiently in advance to have submitted a timely petition. The retaining of counsel does not relieve petitioner of personal responsibility for the delay. Nor does the Union's delay in forwarding its file or counsel's various phone calls to the board in any way preclude the denial of a waiver under 5 C.F.R. § 1201.12. "Good cause" requires something more.

The presiding official's decision reflects that consideration was given to all of the circumstances in this case, including the factors suggested in *Alonzo v. Department of the Air Force,* 4 MSPB 262, 264 (1980). As noted in his thorough opinion, not only was no "good cause" shown for granting petitioner's requested extension, but also petitioner missed the *extended* deadline requested by more than three months. Counsel's heavy case load as a sole practitioner is no justification.

Having considered all of counsel's arguments, we reject each of them. The presiding official's well reasoned decision not to waive the 20-day time limit for appealing was in accordance with the law and was not arbitrary, capricious, an abuse of discretion or unsupported by substantial evidence. 5 U.S.C. § 7703(c). Accordingly, we affirm.

AFFIRMED.