909 F.2d 1495
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Louis MARCHESE, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 90-3239.
 United States Court of Appeals, Federal Circuit.
 July 16, 1990.
 
 Before PLAGER, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner appeals the final decision of the Merit Systems Protection Board, No. SF07528510221, dismissing, as untimely filed, his petition appealing agency action. We affirm.
 
 OPINION
 
 2
 Mr. Marchese was discharged from his position as a distribution clerk with the United States Postal Service, effective August 27, 1982, because of his extensive absence without leave and failure to furnish medical evidence to explain or justify his absence, as he had been instructed to do. In the August 3, 1982 decision removal letter sent by certified mail, receipt acknowledged by petitioner, he was advised that an appeal to the Merit Systems Protection Board (MSPB or board) must be filed within 20 calendar days from the effective date of the action appealed. 5 C.F.R. Sec. 1201.22 (1990). He did not appeal until December 12, 1984.
 
 
 3
 By a show cause order of February 11, 1985, the MSPB presiding official directed petitioner to submit evidence or argument within 20 days showing a reasonable excuse for the delay in filing. The MSPB is authorized by regulation to waive the time limitation for filing an appeal for good cause shown. Petitioner did not respond. The initial decision on April 3, 1985, accordingly dismissed the petition.
 
 
 4
 The initial decision contained a statement of appeal rights, informing petitioner that if he wished a review by the full board he must seek it within 35 days from the initial decision or it would become the final MSPB decision effective May 8, 1985, pursuant to the pertinent regulation cited. The MSPB also could have reopened the case on its own motion. It did not do so.
 
 
 5
 On September 1, 1989, petitioner requested review of the initial decision by the full board. On February 7, 1990, review was denied as untimely for failure to show good cause to waive the 35-day filing deadline. The appeal to this court was timely filed.
 
 
 6
 We have carefully examined petitioner's several arguments seeking to overcome the administrative decision. He blames illness, negligence and misconduct of his attorney, failure of notice, negligence of the government, and "oversight" by the MSPB for its alleged failure to take into account material facts.
 
 
 7
 We find that petitioner's arguments are without merit. It is clear that he lost his job because he was AWOL for an extended period and did not provide medical evidence documenting his alleged incapacity for duty. He was also responsible for his choice of legal counsel and for the alleged failure of that counsel to represent him properly in this matter. At no time did petitioner exercise reasonable prudence or due diligence, although he was on full notice of his legal obligation to make timely filings or to show good cause for waiver of time limitations.
 
 
 8
 Our responsibility in this case is limited by statute. 5 U.S.C. Sec. 7703(c) (1988). We are charged to decide whether refusal of the MSPB to waive the regulatory time limits for filing was arbitrary, an abuse of discretion, or otherwise not in accordance with law. There is nothing before us to demonstrate that the MSPB, in applying the published regulations designed for facts such as here to expedite its business in a prompt and orderly way in the public interest, has abused its discretion or acted in an arbitrary or unlawful manner. This result accords with our precedents. See Rowe v. MSPB, 802 F.2d 434, 438 (Fed.Cir.1986); Sheeran v. MSPB, 746 F.2d 806, 807 (Fed.Cir.1984); Massingale v. MSPB, 736 F.2d 1521, 1523 (Fed.Cir.1984); Phillips v. United States Postal Service, 695 F.2d 1389, 1390 (Fed.Cir.1982). Accordingly, we affirm.