980 F.2d 744
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Phil L. POTTER, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3333.
 United States Court of Appeals, Federal Circuit.
 Oct. 16, 1992.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 PER CURIAM.
 
 
 1
 The decision of the Merit Systems Protection Board (Board) (No. DC0752910128-I-2), dismissing the petitioner's appeal to the Board as untimely, is affirmed.
 
 
 2
 * The Department of Justice, where the petitioner, Potter, worked as a criminal investigator, removed him because he had lost his security clearance. He appealed that removal to the Board. Potter and the Department of Justice filed a joint motion to dismiss Potter's appeal to permit the completion of Potter's internal appeal within the Justice Department regarding his security clearance. The motion requested that the dismissal should be "without prejudice to [Potter] reinstituting the appeal upon the conclusion of sixty-days or such other period ordered by the Presiding Judge."
 
 
 3
 On February 13, 1991, the administrative judge dismissed the appeal without prejudice. She stated at the end of her decision:
 
 
 4
 To be timely, the appellant must refile his appeal within twenty (20) days of the date the agency issues its decision on his security clearance or within 60 days from the date this decision becomes final, whichever is earlier.
 
 
 5
 The administrative judge's decision became final on March 20, 1991.
 
 
 6
 On July 29, 1991, the Department issued its final decision affirming the revocation of Potter's security clearance. On September 20, 1991, four months late, Potter, through his attorney, refiled the appeal of his removal.
 
 
 7
 In response to the administrative judge's order directing Potter to show that the appeal was timely, or that good cause existed for the delay, Potter's attorney stated:
 
 
 8
 the appeal was filed under the misunderstanding that the normal twenty day period had been extended by the presiding judge's earlier initial decision of February 13, 1991 to permit filing within a sixty day period after the appeal of the revocation of Mr. Potter's security clearance. The misunderstanding occurred through counsel's error in reading the language of the initial decisions....
 
 
 9
 The administrative judge dismissed the appeal as untimely, holding that Potter had not shown good cause for the delay. She pointed out that her prior decision dismissing the appeal became final on March 20, 1991; that sixty days from that date was May 20, 1991; that the latter date was the deadline for refiling the appeal, since it was earlier than August 18, 1991, which was twenty days from the July 29, 1991 Department of Justice affirmance of the revocation of Potter's security clearance; and that the refiling of Potter's appeal on September 20, 1991 was "after the expiration of either of the stated time limits."
 
 
 10
 The administrative judge ruled that since "an appellant is bound by the actions of his chosen representative ... good cause for waiver of the time limit is not established by the admission of appellant's counsel that the untimely filing was due to his error." (Citation omitted). She concluded that Potter's "failure to follow the directions in the initial decision shows that he did not exercise the diligence or ordinary prudence necessary to establish good cause for the untimely refiling of his appeal."
 
 II
 
 11
 "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (en banc). The Board did not abuse its discretion in ruling that Potter had not shown good cause for his substantial delay in refiling his appeal.
 
 
 12
 The Board applied the well-settled principle that an employee appealing to the Board is bound by the errors of his representative--here an attorney. Link v. Wabash R.R. Co., 370 U.S. 626 (1962); Rowe v. Merit Sys. Protection Bd., 802 F.2d 434, 437 (Fed.Cir.1986). Potter's attorney admitted that the failure to file timely was due to his own "error in reading the language of the initial decisions" specifying the date for refiling the appeal. The attorney's subsequent communications to the administrative judge seeking clarification of the refiling deadline did not excuse his delinquency. Cf. Sheeran v. Merit Sys. Protection Bd., 746 F.2d 806, 807 (Fed.Cir.1984) (a lawyer who requests an extension of time from the Board and, relying on that request, does not meet the filing deadline, "does so at his/her peril.").
 
 
 13
 Before this court, Potter makes other arguments, including the contention that the language in the administrative judge's decision would reasonably be interpreted as permitting him to refile within sixty days of the Department's decision in his security clearance appeal. Since he did not raise these contentions before the administrative judge, we decline to consider them. Meglio v. Merit Sys. Protection Bd., 758 F.2d 1576, 1577 (Fed.Cir.1984).