Darlene A. SANDMAN and Frederick D. Shelifoe, Plaintiffs,

v.

Bradley DAKOTA, Defendant.

Darlene A. SANDMAN, Plaintiff,

v.

Bradley DAKOTA, Defendant.

Nos. 2:91–cv–269, 2:92–cv–134.

United States District Court, W.D. Michigan, N.D.

Dec. 30, 1992.

Robert S. Rosemurgy, Molly A. Foley, Butch, Quinn, Rosemurgy, Jardis, et al Escanaba, MI, for Darlene A. Sandman and Frederick D. Shelifoe.

Darlene A. Sandman, pro se.

Joseph P. O'Leary, Keweenaw Bay Indian Community Tribal Center, Baraga, MI, for Bradley Dakota, Frederick Dakota, Gene Emery, Mike Lafernier, Isadore Misegan, Ann Durant, Georgianna Emery, Elizabeth Sherman, Myrtle Tolonen, Charles Loonsfoot, Wayne Swartz, Rosemary Haataja, Matt Shelifoe and Cheryl Mowen.

Frederick D. Shelifoe, pro se.

Charles B. Bateman, Halverson, Watters, Bye, Downs Duluth, MN, for Dr. Kwako.

David E. McDonald, Jacobs, McDonald, Silc, McDonald, et al Ironwood, MI, Nicholas Ostapenko, Johnson, Killen, Thibodeau & Seiler, PA, Duluth, MN, for Marilyn Gritto.

Donald S. McGehee, Asst. Atty. Gen., Frank J. Kelley, Atty. Gen., Corrections Div., Lansing, MI, Jocelyn F. Olson, St. Paul, MN, for Dennis J. Seitz, Linda Garver and Jenny Weiger.

Jon K. Iverson, Erstad & Riemer, PA, Minneapolis, MN, for Sgt. Randelin.

Joseph P. O'Leary, pro se.

Dennis J. Peterson, Cloquet, MN, for Sonny Peacock, Henry Buffalo, Nadine King, Michelle Gordon, Betty Martineau, Bonnie Jackola, Bill Spicer, Lois Spicer, Matt Houle and Pam Houle.

Marguerite Doran, Rudy, Gassert, Yetka, Korman, et al Cloquet, MN, for Allen Fini-Frock and Sharon Fini-Frock.

Mark Johnson, pro se.

M. Sean Fosmire, Lynch, Andrews & Fosmire, PC, Negaunee, MI, for Susan Berry.

## OPINION

QUIST, District Judge.

Two actions brought by Darlene A. Sandman against Judge Bradley Dakota were consolidated before this Court. In 2:91–cv–269, plaintiffs Darlene A. Sandman and Frederick D. Shelifoe ("plaintiffs") claimed that Judge Dakota violated plaintiffs' due process rights by sending their children to foster care in Minnesota and by continuing to make decisions about the children's placement and treatment without affording plaintiffs notice or an opportunity to be heard. The relief plaintiffs requested was an order returning the children to the custody of Darlene Sandman or an order that plaintiffs be provided notice and hearing on any important decisions concerning their children. Judge Dakota moved for dismissal of the claim on jurisdictional grounds.

In the second action, 2:92–cv–134, plaintiff Darlene Sandman ("Sandman") filed a pro se complaint against Judge Bradley Dakota, claiming that she was wrongfully incarcerated without due process by the Keweenaw Bay Tribal Court and seeking $20,000 in compensatory and $800,000 in punitive damages. Judge Dakota moved for dismissal or summary judgment. Counsel was appointed when the cases were consolidated and participated in briefing the issues before the court.

## BACKGROUND INFORMATION

### No. 2:91–cv–269

Five children of Darlene Sandman and Frederick Shelifoe were taken from Sandman's custody by a tribal social worker on or about June 13, 1989, when Sandman was arrested on charges of assault and battery arising from an altercation at her house. At the time the children were removed from Sandman's custody, Shelifoe was incarcerated for a criminal offense.

The children were adjudicated dependant by Judge Bradley Dakota of the Keweenaw Bay Tribal Court on June 19, 1989, and four of them, Minogheezhig Sandman Shelifoe, Wabanunguquay Sandman Shelifoe, Oshkibagidahnahmahwin Sandman Shelifoe, and Wausaumoutoikwe Sandman Shelifoe were sent to Minnesota, to be placed with their maternal aunt and uncle.

Plaintiffs' complaint alleged that their due process rights were violated by Judge Dakota because the original adjudication of dependency was conducted without notice to the parents and without affording them an opportunity to be heard. In addition, they complained that subsequent decisions on the placement and treatment of the children have been made without notice or an opportunity for the parents to be heard.

Defendant moved for dismissal of the complaint on the grounds that the Keweenaw Bay Tribal Court has exclusive jurisdiction over child custody matters concerning these children and that the federal district court does not have jurisdiction to review its proceedings. Plaintiffs do not dispute that the tribal court has jurisdiction over their children in custody matters but argue that the federal district court has jurisdiction to hear their due process claim under the Indian Civil Rights Act.

### No. 2:92–cv–134

On June 14, 1989, Sandman pled guilty on a charge of assault and battery arising from her arrest on June 13. She appeared before Associate Tribal Judge Barbara Mantila without counsel. Mantila accepted the plea in an arraignment hearing and sentenced Sandman to 20 days incarceration. Sandman's sentence was suspended on the condition that she successfully complete a substance abuse program. When Sandman was expelled from the treatment program, she was committed to the Ontonagon County Jail on June 16, 1989, to serve her 20 day sentence.

Defendant Dakota moved for summary judgment on the grounds that he had no role in the proceedings whereby Sandman was incarcerated. In addition, he moved for dismissal on the following grounds:

1. The complaint did not and cannot state a claim against the tribal court, even if it were amended to name the judge who presided over the guilty plea and sentencing, because a tribal court is not required to appoint counsel and is protected from suit by tribal sovereign immunity and judicial immunity.

2. Sandman lacks standing to bring her claim because she failed to exhaust tribal remedies.

3. The only relief available under the Indian Civil Rights Act is habeas corpus relief, for which Sandman is not eligible.

In response, Sandman admits that Judge Dakota did not personally preside at her arraignment and sentencing. She also admits that she is not eligible for habeas relief. Nevertheless, she maintains that a civil rights action can be maintained against Judge Dakota, as the head of the tribal court, under the Indian Civil Rights Act. She suggests that her due process argument would be based on a claim that, as a result of her substance abuse, she did not understand her legal rights and that the court's acceptance of her guilty plea was a violation of due process. She also argues that exhaustion of remedies would have been futile and thus should not bar her action. Stating that the doctrine of sovereign immunity would not be applicable if her claim is properly pled, Sandman requests leave to amend her complaint to add parties and requests that the court construe her claim broadly to allege a violation of the Indian Civil Rights Act.

## DISCUSSION

### *Standard of Review*

An action may be dismissed if the complaint fails to state a claim upon which relief

can be granted. Fed.R.Civ.P 12(b)(6). The moving party has the burden of proving that no claim exists. All factual allegations in the complaint must be presumed to be true and reasonable inferences must be made in favor of the non-moving party. 2A James W. Moore, *Moore's Federal Practice*, ¶ 12.07[2.5] (2d ed. 1991). Dismissal is proper only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Dismissal is also proper if the complaint fails to allege an element necessary for relief or "if an affirmative defense or other bar to relief is apparent from the face of the complaint, such as the official immunity of the defendant...." 2A James W. Moore, *Moore's Federal Practice*, ¶ 12.-07[2.5] (2d ed. 1991).

### Jurisdiction to Review Tribal Court Decisions Child Custody Action, 2:91–cv–269

■ As the Court of Appeals for the Sixth Circuit has explained in *Shelifoe v. Dakota*, a case factually and procedurally similar to the instant case, the federal court does not have jurisdiction to review child custody decisions that are within the jurisdiction of the tribal court. *Shelifoe v. Dakota*, 966 F.2d 1454 (6th Cir.1992) (unpublished disposition) (text in WESTLAW and LEXIS). The Indian Child Welfare Act, 25 U.S.C. §§ 1901–1963, gives Indian tribes exclusive jurisdiction to determine the custody of Indian children in child welfare situations such the proceeding that gave rise to this action. *See* 25 U.S.C. § 1911(a); *DeMent v. Oglala Sioux Tribal Court*, 874 F.2d 510, 514 (8th Cir.1989). There is no dispute that the tribal court had jurisdiction to determine custody for plaintiffs' children.

■ Indian tribes "exercise inherent sovereign authority over their members and territories." *Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe*, 498 U.S. 505, 511, 111 S.Ct. 905, 909, 112 L.Ed.2d 1112 (1991). Federal district court do not have jurisdiction to review the judicial actions of tribal courts, including child custody decisions, under any statute, including the Indian Civil Rights Act, 25 U.S.C. §§ 1301–1303. Congress did not provide a private right of action in the Indian Civil Rights Act, but provided only the remedy of habeas corpus. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 70, 98 S.Ct. 1670, 1683, 56 L.Ed.2d 106 (1978). It did not provide for any other means of federal court review of tribal court actions.

In limiting the remedies available, Congress, as the Supreme Court has described, struck a "balance between the dual statutory objectives." *Id.* at 66, 98 S.Ct. at 1681. Those objectives were to strengthen "the position of individual tribal members vis-a-vis the tribe" and "to promote the well-established federal 'policy of furthering Indian self-government.'" *Id.* at 62, 98 S.Ct. at 1679 (quoting *Morton v. Mancari*, 417 U.S. 535, 551, 94 S.Ct. 2474, 2483, 41 L.Ed.2d 290 (1974)).

■ Plaintiffs have not brought this action as a habeas corpus action. Even if they had, however, the action would be dismissed because a writ of habeas corpus is not available to test the validity of the child custody decree issued by the tribal court. *Weatherwax ex rel. Carlson v. Fairbanks*, 619 F.Supp. 294, 296 (D.Mont.1985). Plaintiffs dispute whether a habeas action is available, arguing that their claim should be treated like the claim in *DeMent*, where the Court of Appeals for the Eighth Circuit held that habeas corpus relief was available to a plaintiff who alleged that the tribal court denied his due process rights in a custody proceeding. 874 F.2d at 515. The *DeMent* holding is inapplicable to plaintiffs' claim, however, because it involved a challenge to the jurisdiction of the tribal court to determine custody of the children of a non-Indian father in a divorce proceeding, where the father neither resided nor was domiciled within the jurisdiction of the tribal court. In addition, *DeMent* concerned the duty of a tribal court to give full faith and credit to the state court custody decree the father had obtained. In contrast, the issue of the custody of plaintiffs' children involved an adjudication of dependency, not divorce, and the jurisdiction of the tribal court is not in question. In addition, there is

no issue of extending full faith and credit to the determination of any other court.

Plaintiffs' attempt to distinguish its case from *Shelifoe v. Dakota* also fails. Plaintiffs argue that their claim differs in that it alleges a due process violation. The plaintiff in *Shelifoe*, however, also claimed she was denied due process in a child custody proceeding. 966 F.2d 1454 (unpublished disposition: slip op. at 2; WESTLAW text at 1). Plaintiffs' child custody claim, 2:91–cv–269, is thus dismissed for lack of jurisdiction for the reasons stated above.

*Jurisdiction to Review Tribal*
*Court Decisions Criminal*
*Action, 2:92–cv–134*

In Sandman's response to motions on her due process claim regarding her imprisonment, 2:92–cv–134, she acknowledges that she has not brought a habeas action because she is at liberty, that she would allege failure to fully inform her of her rights rather than failure to appoint counsel, and that she did not correctly identify the judge who presided at her arraignment. She requests leave to amend her complaint and asks the court to "broadly construe her Complaint" to state a valid claim under the Indian Civil Rights Act. *Plaintiff's Response to Defendant's Motion for Summary Judgment and Motion to Dismiss Complaint in File 292–CV–134*, p. 5–6.

Sandman's complaint must be dismissed and leave to amend denied. Even if Sandman's complaint, which was filed *pro se*, and the amendments proposed in her response to defendant's motion, which was written with the assistance of counsel, are read as generously as possible, *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), she fails to state a claim on which relief can be granted.

Sandman acknowledges that she did not file for a writ of habeas corpus because she is at liberty. Moreover, she does not propose to amend her complaint to bring a habeas action. Yet a federal court has jurisdiction to hear an action under the Indian Civil Rights Act only if it is a habeas action. *Santa Clara Pueblo v. Martinez*, 436 U.S. at 70, 98 S.Ct. at 1683.

Sandman's claim, even if it is amended, is also barred by the doctrine of judicial and tribal immunity. Under common law, officials who are acting in a judicial capacity are protected by judicial immunity. A claim for damages cannot be maintained against a judicial officer exercising the authority vested in the position. *Stump v. Sparkman*, 435 U.S. 349, 355–56, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978); *Bradley v. Fisher*, 80 U.S. (13 Wall) 335, 351, 20 L.Ed. 646 (1872). In fact, judges cannot be held liable even where their actions are "in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. at 356–57, 98 S.Ct. at 1104 (quoting *Bradley*, 80 U.S. (13 Wall) at 351). A claim of damages can only be brought against a judge where there was a "clear absence of all jurisdiction." *Stump*, 435 U.S. at 356, 98 S.Ct. at 1105.

Sandman argues that the doctrine of judicial immunity should not be applied to a tribal judge when the violation of a right is egregious. There is, however, no support for plaintiff's position in the law. The Supreme Court has held that the doctrine of judicial immunity is applicable in civil rights suits. *Id.* at 356, 98 S.Ct. at 1104. It is thus appropriate to apply it to suits under the Indian Civil Rights Act. It is also appropriate to afford the common law protection of judicial immunity to tribal judges, in light of the rule that Indian tribes generally possess a common law immunity from suit. *Santa Clara Pueblo v. Martinez*, 436 U.S. at 58, 98 S.Ct. at 1677. Tribal immunity extends to individual tribal officials acting in their representative capacity within the scope of their authority. *Hardin v. White Mountain Apache Tribe*, 779 F.2d 476, 479 (9th Cir. 1985). If Sandman were permitted to amend her complaint, as she requests, to name the judge who arraigned and sentenced her and to claim against Judge Dakota in an administrative capacity, the damages she seeks would still be barred by judicial and tribal immunity.

CONCLUSION

For the reasons stated above, both actions are dismissed and Sandman's request for

leave to amend action No. 2:92–cv–134 is denied. Because Sandman's second action is dismissed and leave to amend denied on the basis of this court's lack of jurisdiction over non-habeas actions and on the basis of judicial and tribal immunities, it is unnecessary to address whether Sandman was required to exhaust tribal remedies prior to bringing the action. An Order consistent with this Opinion will be issued.