**Bernice LaBEAU, Plaintiff,**

v.

**Bradley DAKOTA, Defendant.**

**No. 2:92–CV–203.**

United States District Court, W.D. Michigan, N.D.

March 17, 1993.

---

Bernice LaBeau, pro se.

Joseph P. O'Leary, Baraga, MI, for defendant.

## OPINION

QUIST, District Judge.

Plaintiff, Bernice LaBeau, is the grandmother of a child, Mark LaBeau, who was adjudicated dependant by Judge Bradley Dakota of the Keweena Bay Indian Community Tribal Court and sent to a foster home. Mrs. LaBeau filed a Complaint against Judge Dakota objecting to the placement of the child and claiming that the Tribal Court lacks jurisdiction because neither she nor the child is Indian. She has also moved for appointment of counsel. Defendant Dakota has moved to dismiss the Complaint on grounds of insufficiency of pleadings, failure to exhaust tribal remedies, and tribal and judicial immunity.

### Background Information

According to Mrs. LaBeau, she and her husband, who was Indian, obtained custody of Mark when he was 15 months old through the Tribal Court. When Mark was eight years old, Mrs. LaBeau's husband died. Mrs. LaBeau was unable to care for the child on her own and returned to the Tribal Court on March 10, 1992, to transfer custody to Mark's mother. Two months later, she and the child were again before the Tribal Court to remove Mark from his mother's custody. Mrs. LaBeau says she thought the child would come home with her at that time, but he was sent to a non-relative foster home. Judge Dakota states in his motion that plaintiff was not given custody because the problems she raised in the March hearing had not been solved and the child's interests could best be served in the foster placement.

### Issues Presented

Judge Dakota asserts that the Complaint should be dismissed for extreme deficiencies in pleading. He also argues for dismissal on substantive grounds—maintaining that plaintiff, as Mark LaBeau's grandmother, lacks standing, that the federal court lacks jurisdiction, and that tribal and judicial immunity bars the claim. This Court dismissed a child custody challenge on grounds of lack of jurisdiction and tribal and judicial immunity in *Sandman v. Dakota,* 816 F.Supp. 448 (W.D.Mich.1992). This case differs from *Sandman,* however, in that there is a claim of lack of jurisdiction over the parties. If the Tribal Court did not have jurisdiction, this Court can act to vacate the actions Judge Dakota took on this case. Judge Dakota did not address the challenge to his jurisdiction in his Motion to Dismiss.

Also at issue is whether Mrs. LaBeau should have counsel appointed.

## DISCUSSION

### Appointment Of Counsel

Under 28 U.S.C. 1915(d),

The court may request an attorney to represent any [litigant proceeding *in forma pauperis* ] unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

Appointment of an attorney is thus within the discretion of the district court, and the court is directed to make the preliminary consideration of whether there is any merit in plaintiff's claim. *Henry v. City of Detroit Manpower Dept.*, 763 F.2d 757, 760 (6th Cir. 1985), *cert. denied*, 474 U.S. 1036, 106 S.Ct. 604, 88 L.Ed.2d 582 (1985). "Appointment of counsel is not necessary when it is apparent that the appointment would be 'a futile act.' " *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir.1987) (quoting *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir.1985). Plaintiff's motion for appointment of counsel should be denied on the grounds that plaintiff's claim has no merit, for the reasons stated below.

### Standard Of Review: Motion To Dismiss

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The moving party has the burden of proving that no claim exists. All factual allegations in the complaint must be presumed to be true and reasonable inferences must be made in favor of the nonmoving party. 2A James W. Moore, *Moore's Federal Practice*, ¶ 12.07[2.5] (2d ed. 1991). Dismissal is proper only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Dismissal is also proper if the complaint fails to allege an element necessary for relief or "if an affirmative defense or other bar to relief is apparent from the face of the complaint, such as the official immunity of the defendant...." 2A James W. Moore, *Moore's Federal Practice*, ¶ 12.-07[2.5] (2d ed. 1991).

██ The pleadings of a *pro se* litigant are to be held to a less stringent standard than those drafted by an attorney. This court must construe the Complaint and plaintiff's response to Judge Dakota's. Motion to Dismiss liberally in determining whether the Complaint fails to state a claim upon which relief could be granted. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir.1991).

### Jurisdiction To Review A Tribal Court's Decision In A Child Custody Action

██ The federal courts do not have jurisdiction to review child custody decisions that are within the jurisdiction of a tribal court. *Shelifoe v. Dakota*, 966 F.2d 1454 (6th Cir. 1992) (unpublished disposition) (text in WESTLAW and LEXIS); *Sandman v. Dakota*, —— F.Supp. —— (W.D.Mich. Jan. 30, 1992). The Indian Child Welfare Act, 25 U.S.C. §§ 1901–1963, gives Indian tribes exclusive jurisdiction to determine the custody of Indian children in child welfare situations such as the proceedings that gave rise to this action. *See* 25 U.S.C. § 1911(a); *DeMent v. Oglala Sioux Tribal Court*, 874 F.2d 510, 514 (8th Cir.1989).

As this Court stated in *Sandman v. Dakota*, Indian tribes "exercise inherent sovereign authority over their members and territories." *Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe*, 498 U.S. 505, ——, 111 S.Ct. 905, 909, 112 L.Ed.2d 1112 (1991). Federal district courts do not have jurisdiction to review the judicial actions of tribal courts, including child custody decisions, under any statute, including the Indian Civil Rights Act, 25 U.S.C. §§ 1301–1303. Congress did not provide a private right of action in the Indian Civil Rights Act, but provided only the remedy of habeas corpus. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 70, 98 S.Ct. 1670, 1683, 56 L.Ed.2d 106 (1978). It did not provide for any other means of federal court review of tribal court actions.

██ Plaintiff has not brought this action as a habeas corpus action. Moreover, the action would be dismissed even if plaintiff brought it as a habeas claim, unless the tribal court acted outside its jurisdiction, because a writ of habeas corpus is not available to test the validity of the child custody decree issued

by a tribal court. *Weatherwax ex rel. Carlson v. Fairbanks*, 619 F.Supp. 294, 296 (D.Mont.1985).

Thus, even if it is presumed that plaintiff could amend her Complaint to establish standing and cure its other defects, the claim cannot succeed, provided the tribal court acted within its jurisdiction in determining custody of Mark LaBeau.

### Claim Of Lack Of Tribal
### Court Jurisdiction

 A habeas action can be brought against a tribal court if it has acted outside of its jurisdiction. *DeMent*, 874 F.2d at 515. In *DeMent*, the Court of Appeals for the Eighth Circuit held that habeas corpus relief was available to a plaintiff who alleged that the tribal court denied his due process rights in a custody proceeding. *Id. DeMent* challenged the jurisdiction of a tribal court to determine custody of the children of a non-Indian father in a divorce proceeding where the father neither resided nor was domiciled within the jurisdiction of the Tribal Court. *Id.* at 514. In addition, the case concerned the duty of a tribal court to give full faith and credit to a state court custody decree the father had obtained. *Id.* at 515.

Mrs. LaBeau claims that the Tribal Court acted outside of its jurisdiction because neither she nor her grandson is Indian. The *DeMent* holding is inapplicable to plaintiff's claim, however, because in *DeMent*, the father never submitted to the jurisdiction of the tribal court. In contrast, in the instant case, plaintiff originally obtained custody of her grandson through the Tribal Court and turned to that court to alter her custody arrangement. Plaintiff voluntarily submitted to the jurisdiction of the Tribal Court until it took an action of which she disapproved. In submitting to the court's jurisdiction on the issue of custody in the past, she has waived any objection she may now have to the jurisdiction of the Tribal Court. Thus, plaintiff can prove no set of facts in support of her claim that would entitle her to relief.

### CONCLUSION

For the reasons stated above, plaintiff Bernice LaBeau's Motion for Counsel is DE-NIED and defendant Bradley Dakota's Motion to Dismiss is GRANTED. An order consistent with this Opinion will be issued.