7 F.3d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darlene A. SANDMAN; Frederick D. Shelifoe, Plaintiffs-Appellants,
v.
Bradley DAKOTA; Defendant-Appellee,
Frederick Dakota, et al., Defendants.
 No. 93-1194.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1993.
 
 1
 W.D.Mich., Nos. 91-00269, 92-00134.
 
 
 2
 W.D.Mich., 816 F.Supp. 448.
 
 
 3
 AFFIRMED.
 
 
 4
 Before: MILBURN and NELSON, Circuit Judges, and GILMORE, Senior District Judge.*
 
 ORDER
 
 5
 Darlene Sandman and Frederick Shelifoe, husband and wife and pro se litigants, appeal from an order of the district court dismissing their complaint filed pursuant to the Indian Civil Rights Act, 25 U.S.C. §§ 1301, et seq., and the Indian Child Welfare Act, §§ 1901, et seq. Darlene Sandman also appeals from the part of the order dismissing her complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 6
 Sandman and Shelifoe brought suit challenging Tribal Judge Bradley Dakota's decision to remove four of their children from their custody and to place them in foster care. In a separate complaint, which was consolidated with the complaint challenging the custody decision of Judge Dakota, Sandman sought monetary damages based upon the alleged actions of Judge Dakota which resulted in her incarceration. In a single written opinion, the district court dismissed Sandman's and Shelifoe's complaint for lack of jurisdiction and dismissed Sandman's complaint for lack of jurisdiction and on the bases of judicial and tribal immunities.
 
 
 7
 On appeal, Sandman and Shelifoe argue that their due process rights, as guaranteed by 25 U.S.C. § 1302(8), were violated by defendant. Upon de novo review, we affirm the district court's order.
 
 
 8
 In passing the Indian Civil Rights Act, Congress intended to create only a limited mechanism of review: that of habeas corpus. Santa Clara Pueblo v. Martinez, 436 U.S. 49, 70 (1978). Federal habeas review, however, is not available to challenge parental rights or child custody. Lehman v. Lycoming County Children's Servs. Agency, 458 U.S. 502, 508-12 (1982). Likewise, habeas review pursuant to 25 U.S.C. § 1303 is not available to challenge the propriety and wisdom of a tribal judge's decision in a custody matter. See Weatherwax ex rel. Carlson v. Fairbanks, 619 F.Supp. 294, 295-96 (D.Mont.1985). Moreover, Indian tribes have exclusive jurisdiction over child custody proceedings involving Indian children domiciled on the reservation. See 25 U.S.C. § 1911(a); Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 42 (1989). Accordingly, because Sandman and Shelifoe are challenging a custody matter involving Indian children domiciled on an Indian reservation, the district court did not commit error by not exercising jurisdiction pursuant to either the Indian Civil Rights Act or pursuant to the Indian Child Welfare Act.
 
 
 9
 As to Sandman's civil rights action, any issue concerning the propriety of the district court's dismissal of that action has been abandoned as it is not raised on appeal. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 10
 Accordingly, the order of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation