# UNITED STATES COURT OF APPEALS
## Tenth Circuit
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

**Patrick Fisher**                                                 **Elisabeth A. Shumaker**
**Clerk**                                                          **Chief Deputy Clerk**

April 23, 1996

**TO:**    ALL RECIPIENTS OF THE CAPTIONED OPINION

**RE:**    95-2033, Texaco, Inc. v. Hale
           April 8, 1996 by Judge Porfilio

Please be advised of the fillowing correction to the captioned decision:

Page 2, counsel for the defendants-appellees name is incorrectly listed as Lisa M. Enbfield and should be corrected to read Lisa M. Enfield.

Please make this correction to your copy.

Very truly yours,

Patrick Fisher,
Clerk

By:

Barbara Schermerhorn
Deputy Clerk

**UNITED STATES COURT OF APPEALS**

**Filed 4/8/96**

**TENTH CIRCUIT**

---

TEXACO, INC.; TEXAS-NEW MEXICO PIPELINE,

      Plaintiffs-Appellants,,

v.

ALBERT HALE, successor to Peterson Zah as President of the Navajo Nation; DAVID C. BRUNT, successor to Nelson Gorman and Stella Saunders as Commissioner of the Navajo Tax Commission; VICTOR JOE, successor to Nelson Gorman and Stella Saunders as Commissioner of Navajo Tax Commission; BRUCE KEIZER, successor to Nelson Gorman and Stella Saunders as Commissioner of the Navajo Tax Commission; JOE SHIRLEY, successor to Nelson Gorman and Stella Saunders as Commissioner of the Navajo Tax Commission; LEE BERGEN, successor to Nelson Gorman and Stella Saunders as Commissioner of the Navajo Tax Commission; DERRICK WATCHMAN, member, Navajo Tax Commission; STEVEN BEGAY, successor to Derrick Watchman as Executive Director of the Navajo Tax Commission,

      Defendants-Appellees.

No. 95-2033

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

Bradford C. Berge, Campbell, Carr & Berge, P.S., Santa Fe, New Mexico, for Plaintiffs-Appellants.

Paul E. Frye (Lisa M. Enfield; Herb Yazzie, Attorney General; Marcelino R. Gomez; and C. Joseph Lennihan, Navajo Nation Department of Justice, with him on the briefs), Nordhaus, Haltom, Taylor, Taradash & Frye, LLP, Albuquerque, New Mexico, for Defendants-Appellees.

Before **PORFILIO, MCWILLIAMS,** and **ALARCON**,[*] Circuit Judges.

**PORFILIO**, Circuit Judge.

---

[*]Honorable Arthur L. Alarcon, Senior Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation.

This case involves the application of the tribal exhaustion doctrine to a taxation dispute involving land located outside Navajo Reservation borders but within Navajo Indian Country. Texaco, Inc. and Texas-New Mexico Pipeline (Appellants) seek federal declaratory relief against the Navajo Tax Commission and officials of the Navajo Tribe and the Navajo Tax Commission (the Tribe). We considered a prior appeal by Appellants in *Texaco, Inc. v. Zah*, 5 F.3d 1374 (10th Cir. 1993) (*Zah I*), and remanded the case to the district court with specific instructions. Here, following the district court's reconsideration of the issues on remand, Appellants appeal the second dismissal of their claim. We affirm.

Appellants conduct business activities within Navajo Indian Country.[1] Since 1978, the Tribe has imposed an Oil and Gas Severance Tax on Texaco and a Business Activity Tax on Texas-New Mexico Pipeline for their activities occurring within Navajo Indian Country but outside the formal boundaries of the Navajo Reservation. In 1987, Appellants filed suit in the United States District Court for the District of New Mexico seeking a declaratory injunction to prohibit Tribal taxation of Appellants' business activities occurring outside the formal boundaries of the Navajo Reservation. However, the district court dismissed Appellants' complaint without prejudice after finding Appellants failed to

---

[1]Texaco possesses several mineral leases within Navajo Indian Country while Texas-New Mexico Pipeline owns and operates an interstate pipeline crossing Navajo Indian Country.

exhaust tribal remedies before seeking a federal forum.

In **Zah I**, we considered two issues. First, Appellants contended the Tribe lacked jurisdiction to hear the dispute. We rejected that argument, holding "whether tribal courts have jurisdiction over non-Indians in civil cases 'should be conducted in the first instance in the Tribal Court itself,'" **Zah**, 5 F.3d at 1376 (quoting **National Farmers Union Ins. Cos. v. Crow Tribe of Indians**, 471 U.S. 845, 856 (1985)), unless one of the three exceptions to the tribal exhaustion rule is applicable.[2] We further held those exceptions were inapplicable to Appellants' case.

Second, Appellants' argued even if the Tribe had jurisdiction, the federal court should not have been deprived of its jurisdiction to determine the propriety of taxing Appellants' activities occurring outside the Navajo Reservation. In response, we noted the importance of comity and referred to the federal concerns behind the tribal exhaustion rule. We then stated, in reference to activities arising on reservation lands, "we have characterized the tribal exhaustion rule as 'an inflexible bar to consideration of the merits of the petition by the federal court.'" **Zah**, 5 F.3d at 1378 (quoting **Granberry v. Greer**, 481 U.S. 129, 131 (1987)).

---

[2] In *National Farmers Union Ins. Cos. v. Crow Tribe of Indians, 471 U.S. 845 (1985)*, the Supreme Court held tribal courts should determine whether they have jurisdiction over non-Indians in civil cases unless the "assertion of trial jurisdiction 'is motivated by a desire to harass or is conducted in bad faith,' or where the action is patently violative of express jurisdictional prohibitions, or where exhaustion would be futile because of the lack of an adequate opportunity to challenge the court's jurisdiction." *Id.* at 856 n.21 (citations omitted).

However, we further noted:

> When the dispute involves non-Indian activity occurring outside the reservation ... the policies behind the tribal exhaustion rule are not so obviously served. Under these circumstances, we must depend upon the district courts to examine assiduously the *National Farmers* factors in determining whether comity requires the parties to exhaust their tribal remedies before presenting their dispute to the federal courts.

*Id.* Because the district court failed to examine those factors, we were unable to determine whether the district court abused its discretion. As a result, we vacated the district court's order and remanded the case "for further examination of the comity factors articulated in *National Farmers*." *Id.* Those factors are: (1) furtherance of "the congressional policy of supporting tribal self-government;" (2) promoting the "orderly administration of justice;" and (3) obtaining "the benefit of tribal expertise." *Id.* at 1377-78 (citing *National Farmers,* 471 U.S. at 856-57).

On remand, after making a point by point analysis of the *National Farmers* factors, the district court concluded abstention was appropriate and again dismissed Appellants' case. Appellants now appeal, contending, despite the limited remand in *Zah I,* the district court's decision must be reversed for three reasons. First, they assert the district court's *National Farmers* analysis was improper. Second, they argue the district court erred in assuming Appellants consented to tribal jurisdiction. Third, they maintain the district court, and this court in *Zah I*, erroneously held Indian Country defined the boundaries of the Tribe's civil

jurisdiction.

We start from the premise that the scope of the district court's jurisdiction was narrow following remand. The only matter returned to the district court was the "assiduous examination" of the *National Farmers* comity factors. *Cf. Sierra Club v. Lujan*, 949 F.2d 362, 365 (10th Cir. 1991)(a limited remand circumscribes the scope of the issues for litigation to those defined in the remand order). Likewise, the only issue before us is whether that examination was performed.

Appellants argue the district court could not properly analyze the *National Farmers* factors on remand without an evidentiary hearing and further discovery because there were factual issues in dispute. Quoting *Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981), Appellants contend, when faced with a motion to dismiss raising factual issues, "the plaintiff should have an opportunity to develop and argue the facts in a manner that is adequate in the context of the disputed issues and evidence." Here, Appellants assert they "vigorously contested" the Tribe's allegation that all of their business activities occurred within Indian Country. Appellants also contend they contested the Tribe's allegation that Appellants consented to tribal jurisdiction by contract. Under this court's decision in *Pittsburgh & Midway Coal Mining Co. v. Watchman,* 52 F.3d 1531 (10th Cir. 1995), Appellants argue the district court was required to allow further development of the facts to determine whether any of

- 7 -

the dispute occurred in Indian Country and the extent to which the dispute lay within an independent Indian community.

These questions, however, were not within the scope of the remand. The case was not postured as though the district court was just commencing consideration of a motion to dismiss. More importantly, however, in **Zah I***,* Appellants <u>conceded</u> the disputed land fell within the definition of Navajo Indian Country as well as Indian Country. **Zah***,* 5 F.3d at 1376, n.3.

Nevertheless, Appellants now argue **Watchman** required the district court to make preliminary factual findings which, in turn, required further discovery in this case. Even though we stated in **Watchman**, "the application of the [tribal abstention] doctrine may differ outside the formal boundaries of a reservation," **Watchman**, 52 F.3d at 1537, we also noted, "[t]he facts and circumstances of each individual situation will determine whether comity requires abstention in that particular instance." **Id***.*

Contrary to the circumstances of this case, however, in **Watchman***,* one of the issues contested throughout the proceedings was whether the area subject to Indian taxation was Indian Country. Naturally, on remand the district court was instructed to determine the appropriate community of reference and to make detailed factual findings to determine whether the area was in fact a dependent Indian community. **Id***.* at 1546. Thus, under the circumstances, it was appropriate in **Watchman** for the district court to further develop the facts to reach its conclusion on remand.

In this case, however, the district court was not required to further develop the facts because they had been conceded in **Zah I.** Moreover, even in their original complaint Appellants did not seek a declaration of what portion of the land constituted Indian Country. The relief they sought was a declaration that "the imposition and enforcement of the Navajo Oil and Gas Severance Tax and the Navajo Business Activities Tax on Plaintiffs' activities beyond the borders of the Navajo Reservation [is] illegal, invalid and void."

We believe the circumstances of this case make **Watchman** inapposite. In short, **Watchman** simply does not require fact-finding hearings when the operative fact issues have been resolved through other means.

Appellants make no other challenge to the district court's **National Farmers** analysis. Our review of the district court's careful and detailed consideration of the circumstances leads us to conclude its judgment is free of error on this issue.

Appellants next argue the district court erroneously assumed certain facts as true. We review the district court's factual findings for clear error. **Steiner Corp. Retirement Plan v. Johnson & Higgins of California**, 31 F.3d 935, 939 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 732 (1995). "A finding of fact is 'clearly erroneous' if it is without factual support in the record or if the appellate court, after reviewing all the evidence, is left with a definite and firm conviction that a mistake has been made." **Raydon**

***Exploration, Inc. v. Ladd***, 902 F.2d 1496, 1499 (10th Cir. 1990).

Appellants contend the district court erred in assuming all of their activities occurred within Indian Country. Appellants argue they sought to show the district court, on remand, that some of their business is conducted on land that is not part of a dependent Indian community. Appellants also assert Indian Country is not synonymous with Navajo Indian Country. However, as discussed above, this is a latter day change of position from Appellants' previous concession that the disputed land was within the definition of both Navajo Indian Country and Indian Country. Even had the scope of the remand allowed the district court to consider this issue, it was entitled to rely upon Appellants' concession, and they are now without a basis for objection.

Appellants also assert the district court erred in assuming Appellants entered contractual relationships with the Tribe and "acknowledged the authority of Navajo Law and its application to the extraction activities." Appellants argue the contracts were limited to activities and facilities within the Navajo Reservation. Nevertheless, the Tribe points to contractual language in which Texas-New Mexico Pipeline agreed to resolve disputes by applying "the laws of the Navajo Nation ... in the conduct of all activities of [Texas-New Mexico] within the Navajo Nation." Again, this issue is beyond the scope of the remand. Nevertheless, the district court did not, as suggested by Appellants, find Texaco was a party to this agreement. The court simply viewed the agreement as "another consideration" for determination of the Tribe's taxing

power.  The district court further found, although that agreement did not include Texaco, the business dealings of both Texaco and Texas-New Mexico Pipeline with the Tribe, including mineral leases with individual Navajo allotment owners, were sufficient to subject Texaco to the jurisdiction of the Navajo Nation as well.

After viewing the record as a whole, we conclude  there is factual support for the trial court's findings on both issues.  The district court did not clearly err.


**AFFIRMED.**