UNITED STATES COURT OF APPEALS
**Filed 9/10/96**
FOR THE TENTH CIRCUIT

PATRICIA CHAVEZ HARVEY,
parent and next friend on behalf of
Katrina L. Chavez and Cody Chavez,

Plaintiff-Appellant,

v.

BENNIE STAR, in his official
capacity as Governor of the Pueblo of
Santo Domingo; CONNIE CHAVEZ,
custodian of Katrina Chavez; DORA
C. YAZZIE, custodian of Cody
Chavez,

Defendants-Appellees.

No. 95-2283
(D.C. No. CIV-95-606-JC)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before BRORBY, BARRETT, and EBEL, Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Patricia Chavez Harvey, a member of the Pueblo of Santo Domingo, brought this action pro se on behalf of herself and her two children[1] to challenge a tribal court order awarding temporary custody of the children to respondent Connie Chavez Calabaza. Alleging the custody order exceeded the jurisdiction of the tribal court and violated various rights secured by the Indian Civil Rights Act (ICRA), see 25 U.S.C. § 1302, plaintiff invoked the district court's jurisdiction under the ICRA's habeas corpus provision, 25 U.S.C. § 1303, and the general federal question statute, 28 U.S.C. § 1331. The district court granted defendants' motion to dismiss, holding that § 1303 is inapplicable to child custody orders and that the tribal abstention doctrine required plaintiff to exhaust her jurisdictional challenge to the custody order in the tribal court before she could proceed in federal court. We affirm the dismissal of this action on the basis

---

[1] Although plaintiff's pleadings are captioned in a manner suggesting the action is brought solely in her representative capacity, the body of the complaint includes allegations clearly intended to state a claim for violation of her own rights as a parent as well as the rights of her children. Indeed, neither the parties nor the district court made any restrictive distinction in this regard. We likewise construe the pro se complaint to include a claim personal to plaintiff. See Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996).

of the tribal abstention doctrine, but our analysis differs from that of the district court in certain respects, as explained below.

Two preliminary clarifications should be made before we reach the dispositive issue of tribal abstention. First, "[w]e need not address the purported appeal by [plaintiff's children] because . . . a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney." Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986); accord Osei-Afriyie ex rel. Osei-Afriyie v. Medical College of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991); Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990); Brown v. Ortho Diagnostic Sys., Inc., 868 F. Supp. 168, 172 (E.D. Va. 1994).

Second, the district court mistakenly characterized its dismissal of the case, based in part on tribal abstention grounds, as one for lack of subject matter jurisdiction. See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp., 55 F.3d 1491, 1492 (10th Cir. 1995)("because the [tribal] exhaustion rule is one of comity and not jurisdictional limitation, dismissal . . . for lack of subject matter jurisdiction would be inappropriate," citing Iowa Mut. Ins. Co. v. LaPlante, 480 U.S. 9, 19-20 (1987)). Indeed, it is our conclusion that federal question jurisdiction does exist which enables us to reach the analytically subsequent matter invoked by the district court of abstention pending exhaustion

of tribal remedies. See id. at 1492-93 ("If the case does not clear that threshold [of federal jurisdiction], any issue as to whether the claims asserted should have been exhausted first in the tribal courts is academic."). Accordingly, for reasons explained further below, we modify the district court's order of dismissal to delete any reference to jurisdictional deficiencies[2] and to reflect that abstention is its proper basis. As so modified, the dismissal order is affirmed.

"In National Farmers [Union Insurance Cos. v. Crow Tribe of Indians, 471 U.S. 845, 853 (1985)], the Supreme Court held that a federal court is empowered to determine under 28 U.S.C. § 1331 whether a tribal court has exceeded the lawful limits of its jurisdiction." Arizona Pub. Serv. Co. v. Aspaas, 77 F.3d 1128, 1132 (9th Cir. 1995); see Superior Oil Co. v. United States, 798 F.2d 1324, 1328, 1330 (10th Cir. 1986); Poodry v. Tonawanda Band of Seneca Indians, 85 F.3d 874, 892 n.20 (2d Cir. 1996). As the district court recognized, however, National Farmers also established the tribal abstention doctrine, requiring courts to abstain

---

[2]    We need not and do not decide whether the ICRA's habeas provision would also support federal review of the tribal court's child custody order. Such use of § 1303 raises unsettled questions regarding the statute's scope and purpose. See Poodry v. Tonawanda Band of Seneca Indians, 85 F.3d 874, 891-92 (2d Cir. 1996). Compare Sandman v. Dakota, 816 F. Supp. 448, 451 (W.D. Mich. 1992)(rejecting use of § 1303 to challenge child custody decree), aff'd, 7 F.3d 234 (6th Cir. 1993)(Table) with DeMent v. Oglala Sioux Tribal Court, 874 F.2d 510, 513 (8th Cir. 1989)(approving use of § 1303 to challenge validity of child custody order). Further, the exhaustion requirement controlling our disposition under § 1331 applies as well to § 1303. See DeMent, 874 F.2d at 516; see also Wetsit v. Stafne, 44 F.3d 823, 826 (9th Cir. 1995).

from exercising this federal question jurisdiction until tribal remedies have been exhausted "unless the 'assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith, or where the action is patently violative of express jurisdictional prohibitions, or where exhaustion would be futile because of the lack of an adequate opportunity to challenge the court's jurisdiction." Texaco, Inc.v. Hale, 81 F.3d 934, 936 n.2 (10th Cir. 1996)(quoting National Farmers, 471 U.S. at 856 n.21 (emphasis added and quotations omitted)). We agree with the district court that plaintiff's factual allegations do not establish any of the cited exceptions to the exhaustion rule.

Plaintiff has insisted, without particularized supporting allegations, that resort to the tribal court would be futile. Pessimism about tribal remedies does not excuse a party from making an attempt to invoke them before turning to federal court. See White v. Pueblo of San Juan, 728 F.2d 1307, 1312 (10th Cir. 1984)("the aggrieved party must have actually sought a tribal remedy, not merely have alleged its futility"). On appeal, plaintiff adds the charge that the tribal court has acted in bad faith and with an intent to harass. Again, no specific factual allegations support this accusation. Without improperly involving ourselves in the merits of the underlying custody dispute, we cannot say that, on its face, the tribal court's effort to safeguard the best interests of plaintiff's children bespeaks any wrongful animas. See generally Duncan Energy Co. v.

Three Affiliated Tribes, 27 F.3d 1294, 1301 (8th Cir. 1994), cert. denied, 115 S. Ct. 779 (1995)("Absent any indication of bias, we will not presume the Tribal Court to be anything other than competent and impartial."). Further, in light of 25 U.S.C. § 1911 ("Indian tribe jurisdiction over Indian child custody proceedings"), the tribal court's assertion of jurisdiction in this case cannot be characterized as patently unauthorized. See Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 36 (1989)("Section 1911(b) . . . creates concurrent but presumptively tribal jurisdiction in the case of children not domiciled on the reservation . . . .").

Finally, plaintiff represents taking additional, unsuccessful measures to regain custody of her children since the dismissal of this action. The character and effect of these post-judgment actions are beyond the scope of this appeal. By the same token, nothing in this order and judgment precludes plaintiff from filing a future action alleging the subsequent satisfaction (or grounds for excusal) of the exhaustion requirements controlling our disposition herein.

The judgment of the United States District Court for the District of New Mexico is MODIFIED to delete any reference to jurisdictional deficiencies, and, as so modified, is AFFIRMED.  The mandate shall issue forthwith.


Entered for the Court


David M. Ebel
Circuit Judge