# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1731

_____

| | | |
|---|---|---|
| Margaret A. Penn, | * | |
| | * | |
| Plaintiff/Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| United States of America; Department | * | |
| of Interior; Bureau of Indian Affairs; | * | |
| Bruce Babbitt, in his official capacity | * | |
| as the Secretary of Interior; Kevin | * | |
| Gover, in his capacity as Assistant | * | Appeals from the United States |
| Secretary for the Department of Interior | * | District Court for the |
| charged with responsibility for the | * | District of North Dakota. |
| Bureau of Indian Affairs; Larry A. | * | |
| Bodin, individually and in his official | * | |
| capacity as Superintendent for the | * | |
| Standing Rock Sioux Agency; Richard | * | |
| Armstrong, individually and in his | * | |
| official capacity as Special Agent for | * | |
| the Bureau of Indian Affairs, Law | * | |
| Enforcement Services; John Vettleson, | * | |
| individually and in his official capacity | * | |
| as Captain of Police, Bureau of Indian | * | |
| Affairs; | * | |
| | * | |
| Defendants, | * | |
| | * | |
| Frank Landis, Sheriff for Sioux County, | * | |
| in his official and individual capacities; | * | |
| Sioux County Sheriff's Department, | * | |
| | * | |
| Defendants/Appellants, | * | |

                                                            *

Sioux County, ND; Sioux County Board  *
of Commissioners; Larry Silbernagel,   *
Chairman, in his official capacity;     *
Debra Gullickson, Member, in her      *
official capacity; David Volk, Member,  *
in his official capacity,              *
                                                            *

         Defendants.             *

_____

No. 02-2267

_____

Margaret A. Penn,                   *
                                                            *

         Plaintiff/Appellee,      *
                                                            *

     v.                             *
                                                            *

United States of America; Department  *
of Interior; Bureau of Indian Affairs;  *
Bruce Babbitt, in his official capacity  *
as the Secretary of Interior; Kevin    *
Gover, in his capacity as Assistant    *
Secretary for the Department of Interior *
charged with responsibility for the    *
Bureau of Indian Affairs,         *
                                                            *

         Defendants,            *
                                                            *

Larry A. Bodin, individually and in his *
official capacity as Superintendent for  *
the Standing Rock Sioux Agency;    *
Richard Armstrong, individually and in *
his official capacity as Special Agent for *
the Bureau of Indian Affairs, Law     *

Enforcement Services; John Vettleson, \*
individually and in his official capacity \*
as Captain of Police, Bureau of Indian \*
Affairs; \*
 \*
          Defendants/Appellants, \*
 \*
Frank Landis, Sheriff for Sioux County, \*
in his official and individual capacities; \*
Sioux County Sheriff's Department; \*
Sioux County, ND; Sioux County Board \*
of Commissioners; Larry Silbernagel, \*
Chairman, in his official capacity; \*
Debra Gullickson, Member, in her \*
official capacity; David Volk, Member, \*
in his official capacity, \*
 \*
          Defendants. \*

_____

Submitted: February 14, 2003

Filed: April 3, 2003
_____

Before WOLLMAN, HEANEY, and MELLOY, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

Margaret Penn sued the federal defendants under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, and the state defendants under 42 U.S.C. § 1983, alleging that they violated her constitutional rights by serving and executing a tribal court order excluding her from the Standing Rock Sioux Indian Reservation. The district court denied the defendants' motion for summary judgment based upon their claim of absolute and qualified immunity. We reverse and remand with directions.

I.

Margaret Penn is one-eighth Turtle Mountain Chippewa Indian but is not enrolled in any Indian tribe, thus her status is that of a non-Indian. At all times relevant to this action Penn lived on land that was within the Standing Rock Sioux Indian Reservation but owned in fee by a non-Indian rancher. Penn is a lawyer who was chief prosecutor on the reservation until she was fired by tribal officials in August 1996. After her termination, Penn began working for Tender Hearts Against Family Violence, a nonprofit corporation serving the reservation. While employed at Tender Hearts, Penn filed a wrongful termination suit in tribal court against the tribe, the tribal chairman, the tribal council members, the chief judge, and others. In July 1998, recently terminated employees and members of the board of directors coordinated to oust Tender Hearts Director Kathy Smith. Penn was appointed by and a supporter of Smith. On July 24, 1998, Faith Taken Alive, the co-director of Tender Hearts, petitioned the Standing Rock Tribal Court for a "Traditional Custom Restraining Order." The petition alleged that Penn had a gun, had made threats against tribal officials, and had filed a multimillion dollar lawsuit against the tribe. Without holding a hearing and relying solely on the uncorroborated, unsworn petition, Judge Isaac Dog Eagle issued a temporary restraining order excluding Penn from the reservation for thirty days. The July 24, 1998, order directed "any Police Officer" to "execute the Order of this Court and escort Margaret Penn from the Standing Rock Sioux Indian reservation boundaries." Although the order stated that a hearing would be scheduled at the conclusion of the thirty days, no hearing was ever held.

Bureau of Indian Affairs (BIA) Captain John Vettleson received the order from the tribal court on July 24. Pursuant to federal statute and regulation, the BIA's Division of Law Enforcement Services is responsible for enforcing federal "and, with the consent of the tribe, tribal law." 25 U.S.C. § 2802(c)(1); 25 C.F.R. §§ 12.21-12.22. Captain Vettleson consulted with BIA Standing Rock Superintendent Larry

-4-

Bodin and BIA District Commander Richard Armstrong regarding the legality of the order. Each advised him to serve the order. Captain Vettleson requested the assistance of Sioux County Sheriff Frank Landeis in serving the order. The boundaries of Sioux County are coterminous with those of that portion of the Standing Rock Sioux Indian reservation lying within the state of North Dakota. Sheriff Landeis agreed to accompany Captain Vettleson while he served the order. Upon examining the order, Sheriff Landeis informed the BIA officers that Penn, fearing theft, had given to him for safekeeping the pistol mentioned in the petition. Captain Vettleson and Sheriff Landeis so informed Judge Dog Eagle, who repeated his direction to serve the order. Captain Vettleson and Sheriff Landeis then served Penn with the order at Tender Hearts. Penn indicated to them that she would comply with the order. The two officers escorted Penn to her home and helped her pack some of her belongings. Captain Vettleson advised her that if she returned to her home he would be obliged to arrest her. Captain Vettleson and Sheriff Landeis then followed Penn as she drove her vehicle to the reservation boundary.

On August 31, 1998, Penn filed suit against the tribe, the tribal council, and several officials and members seeking habeas corpus relief and damages. On motion of the Standing Rock Sioux Tribe, the tribal court vacated the restraining order on September 14, 1998. Penn settled all claims against the tribe, its officials, and its members for $125,000. Penn subsequently filed this suit in United States District Court seeking damages against the parties involved in the service and enforcement of the order.

II.

The defendants appeal the district court's denial of their motion for summary judgment. The district court's denial of absolute immunity is immediately appealable, and our review is de novo. Martin v. Hendren, 127 F.3d 720, 721 (8th Cir. 1997). A judge is entitled to absolute immunity for all judicial actions that are not "taken in

a complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam). Penn urges us to deny the defendants' immunity claims by finding that tribal judges have no absolute judicial immunity and thus that no absolute quasi-judicial immunity can attach to the service or execution of tribal court orders. We recognize that tribal judges are insulated from removal or discipline by nonmembers and that tribal court orders may not be appealed to federal court. As Penn's petition demonstrates, however, an order excluding a nonmember from a reservation is subject to review in federal district court under the habeas corpus provisions of 25 U.S.C. § 1303. Santa Clara Pueblo v. Martinez, 436 U.S. 49, 67-68 (1978). We have recognized "the long-standing federal policy supporting the development of tribal courts" for the purpose of encouraging tribal self-government and self-determination. Gaming World Int'l, Ltd. v. White Earth Band of Chippewa Indians, 317 F.3d 840, 850 (8th Cir. 2003). Accordingly, a tribal court judge is entitled to the same absolute judicial immunity that shields state and federal court judges. See Sandman v. Dakota, 816 F. Supp. 448, 452 (W.D. Mich. 1992).

Although we start with the presumption that qualified immunity is sufficient to protect government officials other than judges, Robinson v. Freeze, 15 F.3d 107, 108 (8th Cir. 1994), we have not hesitated to extend absolute immunity to other officials for acts taken pursuant to a facially valid court order. Martin, 127 F.3d at 721 (extending absolute quasi-judicial immunity to bailiffs for "acts they are specifically required to do under court order or at a judge's direction") (citation omitted); Patterson v. Von Riesen, 999 F.2d 1235, 1239-40 (8th Cir. 1993) (prison wardens); Duba v. McIntyre, 501 F.2d 590, 592 (8th Cir. 1974) (per curiam) ("A quasi-judicial form of immunity is extended to police and other court officers for purely ministerial acts where they do nothing other than perform orders issuing from a court.").

A judge does not lose immunity for all judicial acts taken in excess of jurisdiction. If that were the case, every appellate invalidation of an order based upon

lack of jurisdiction would expose the trial judge to a suit for damages. Similarly, to subject police officers to suit for serving or executing a facially valid court order that is later held to be unlawful would require them to "act as pseudo-appellate courts." Valdez v. City and County of Denver, 878 F.2d 1285, 1289 (10th Cir. 1989). A police officer charged with service of a facially valid court order is entitled to carry out that order without exposure to a suit for damages. Patterson, 999 F.2d at 1240.

The court order at issue in this case includes both the written order dated July 24, 1998, and Judge Dog Eagle's verbal directions to carry out the order despite the inconsistency regarding the pistol. The order was styled as a "Traditional Custom Restraining Order," which forbad Penn from all contact with the residents of the Standing Rock Sioux Nation for thirty days. It was signed by a tribal judge known to the defendants and attested to by the clerk of court. Consequently, it can be facially invalid only if it was issued in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (citation omitted). Stump explained that "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." Id.

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

Id. at 357 n.7.

The court order relied in part on a mistaken assertion that Penn possessed a pistol. When Sheriff Landeis and Captain Vettleson informed Judge Dog Eagle of this error, they were directed to serve the order notwithstanding the error. We need not resolve whether Judge Dog Eagle actually had jurisdiction over this matter. A

tribe's civil jurisdiction over nonmembers is limited but is broadest with respect to nonmembers who voluntarily involve themselves with tribal activities. Nevada v. Hicks, 533 U.S. 353, 358-59 (2001); Montana v. United States, 450 U.S. 544, 565-66 (1981) (protection of tribal integrity and nonmember's consensual relationship with tribe can confer civil jurisdiction). Penn lived on the reservation, had worked for the tribe, had a large civil suit against the tribe, and had various other personal and professional ties to the tribe and its members. Considering only the face of the order and the evidence relating to the verbal reaffirmation of that order, it is not apparent that Judge Dog Eagle was acting in the clear absence of jurisdiction. A holding that the exclusion order was facially invalid merely because it was directed toward a nonmember would bring within its reach even those tribal court orders that are lawful under the highly technical analyses governing a tribal court's jurisdiction over nonmembers. Accordingly, we conclude that because the order was facially valid, the defendants were entitled to absolute quasi-judicial immunity for all acts prescribed by the order.

We recognize that the ex parte nature of the order, its county-wide scope, and its thirty-day pre-hearing duration raise legitimate questions about its legality. A determination of whether an order is unlawful, however, is an inquiry distinct from whether it is facially valid. Penn does not complain about the manner in which Captain Vettleson and Sheriff Landeis served and executed the order – her complaint is that they carried it out at all. Given the circumstances, we will not subject the officers to the difficult choice "between disobeying the court order or being haled into court to answer for damages." Patterson, 999 F.2d at 1240.

We reverse the district court's order and remand with directions to grant summary judgment to the defendants on the ground of absolute quasi-judicial immunity.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.